| | |
|---|---|
| NORTHERN DISTRICT COURT OF CALIFORNIA<br>Court Address: 280 S. 1st St, Rm. 4050, San Jose, CA 95113 | RECEIVED<br>2008 JUL 10 AM 11: 25<br>RICHARD W. WIEKING<br>CLERK<br>U.S. DSTRICT COURT<br>NO. DIST. OF CA. S.J |
| **PLAINTIFF/PETITIONER:**<br>**GILBERTO FERNANDEZ JR**<br><br>**DEFENDANTS:**<br><br>ALLIANCE BANCORP<br>and GMAC MORTGAGE<br>and NCC SERVING, LLC<br>and GRAYSTONE SOLUTIONS, INC<br>and EXECUTIVE TRUSTEE SERVICES, LLC<br>and CONSUMER SOLUTIONS REO, LLC<br>and FIRST AMERICAN TITLE COMPANY<br>and SELECT PORTFOLIO SERVICING, INC<br><br>and HENRY M. PAULSON, JR.,<br>SECRETARY OF THE TREASURY,<br>UNITED STATES<br><br>And MICHAEL B. MUKASEY, U.S. ATTORNEY GENERAL, as ALIEN PROPERTY CUSTODIAN<br><br>And all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to plaintiff's title, or any cloud upon plaintiff's title thereto.<br><br>Real Party In Interest, Intervenor:<br><br>**Gilberto-Junior: Fernandez**<br>Private Bond # RR778712382US | ▲ COURT USE ONLY ▲<br>**TRIAL BY JURY DEMANDED**<br><br>Case No.: **C08 02909**<br><br>Division:<br><br><br><br>Stamp |
| Attorney or Party Without an Attorney<br>Name:         Gilberto Fernandez Jr<br>Address:      1461 Burrows Rd<br>                    Campbell, CA 95008<br>Phne Number:  (408)500-8511<br>E-mail:        gilbert_fernandezjr@yahoo.com | |
| **SECOND AMENDED PETITION TO SET ASIDE and VOID FORECLOSURE SALE, CANCEL NOTE AND DEED OF TRUST AGAINST ALL KNOWN DEFENDANTS AND FOR DECLARATORY AND INJUNCTIVE RELIEF AND NOTICE OF INVOCATION OF RESERVED RIGHTS** | |

COMES NOW Gilberto-Junior: Fernandez, a non-attorney, real man, and Real Party in Interest, a non-corporate entity, as agent for GILBERTO FERNANDEZ JR corporate entity defined as a United States Vessel (hereinafter Plaintiff/Petitioner), appearing specially, not generally, by special rules, "Restricted Appearance," in the original, in the alternative, as a matter of right and privilege, to allege rights under the California Constitution, by verified oath and solemn affirmation of complaint, pursuant to special rules, exercising Petitioner's procedural due process. Defendant's have been making false claims, contrary to the record, contrary to the statues regarding real estate and foreclosures and have denied Petitioner's due process. This **SECOND AMENDED PETITION TO SET ASIDE and VOID FORECLOSURE SALE, CANCEL**

**NOTE AND DEED OF TRUST AGAINST ALL KNOWN DEFENDANTS AND FOR DECLARATORY AND INJUNCTIVE RELIEF** AND **NOTICE OF INVOCATION OF RESERVED RIGHTS;** and notice is now given for the protection of Petitioner's person, property, estate, and trust, hereby enters his complaints of injured party, involuntary servitude and peonage, due to wanton and malicious acts and threats, duress, coercion and fraud, by and through promulgating counterfeit securities, in violation of the laws of the forum in California Republic, united States of America and the Law of Nations.

The Plaintiff wishes to point out to the Court that he is **NOT** an individual schooled in the law, but as an individual exercising his rights under law for the proper action of the Court from misrepresentative actions on the part of the Defendants. As such, the Plaintiff asks the court to take **judicial notice** (Rule 201 of the **Federal Rules of Evidence** and **California Rules of Evidence**) of the **enunciation of principles** stated in **King v. Knoll (No. 04-04149-JAR), Whitney v. State of New Mexico (113 F.3d 1170),** and **Haines v. Kerner (404 U.S. 519),** wherein the courts are directed that those who are unschooled in law making complaints/pleadings shall have the court look to the **substance** of the complaint/pleadings **rather than** the form and hereby makes the following pleadings/notices in the above referenced matter **WITHOUT** waiver of any rights, claims or defenses.

The **Petitioner as Affiant herein**, without waiving **ANY** rights and while reserving **ALL** rights and legal issues does solemnly affirm that he is of lawful age, being of **sound mind** and **competent to make this affidavit** and willing to testify in open Court, that the statements herein are from his own **personal**, **first hand knowledge** of the information and facts contained herein, and are true and correct in substance and in fact, and that those matters cited herein are believed to be true as reported and as further grounds for the relief sought, states and avers as follows:

## JURISDICTION

1. This court has jurisdiction pursuant to 28 USC. 1332 as civil a action where the matter in controversy exceeds the sum or value of $75,000, and is between citizens of different States... The Parties in this action are diverse, bridging several state jurisdictions. NCC SERVING, LLC is chartered in New York State, and not registered in California. CONSUMER SOLUTIONS REO, LLC is registered in the State of Minnesota, and not registered in California. EXECUTIVE TRUSTEE SERVICES, LLC is registered in the State of Florida, and not registered in California. This Court has jurisdiction over this proceeding pursuant to Federal Statute and this matter arises out of ownership and possession of real estate property located in the Northern District of California. All the parties are either domiciled or are doing business in the Northern District of California.

2. The United States District Court is the mandated district court of the United States having de jure venue to hear a cause of action, etc., pursuant to 5 Stat. 516, chapter 188, par 5, enacted August 23, 1842 pursuant to the Act of September 24, 1789, chapter 20, and the Constitution for the United States of America, Article III par 2, and, in that the Respondents/Libellees et. al., are directed by the Governor of the Fund (IMF), aka Secretary of the Treasury, alien custodian for Prize and Booty, and are foreign agents of their principal, the Fund and Bank, et. al., a fortiori mandates, pursuant to the law of the United States of America Title 22 USC Foreign Relations and Intercourse – International Organizations, chapter 7 sec 286(g). Jurisdiction and venue of actions: "…any such action at law…to which either the Fund or Bank shall be a party shall be deemed to arise under the laws of the United States, and the District Courts of the United States shall have original

**SECOND AMENDED COMPLAINT AT LAW and FOR ACTION TO QUIET TITLE AND DAMAGES**

| Gilberto Fernandez Jr., | NORTHERN DISTRICT COURT OF CALIFORNIA | Case No. C08 02909 |
|---|---|---|
| Plaintiff/Petitioner | Page 2 of 20 | July 10, 2008 |

jurisdiction of any such action."

3. This court has jurisdiction over this action pursuant to FRCP Rule 9(h). Pleading Special Matters: **(h)** Admiralty and Maritime Claims. A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of FRCP 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims. If the claim is cognizable only in admiralty, it is an admiralty or maritime claim for those purposes whether so identified or not. The amendment of a pleading to add or withdraw an identifying statement is governed by the principles of Rule 15. A case that includes an admiralty or maritime claim within this subdivision is an admiralty case within 28 U.S.C. § 1292 (a)(3).

4. This court has jurisdiction over this action pursuant to 1950--Act Dec. 13, 1950, extended time limit within which certain suits in admiralty may be brought against United States. 1932--Act June 30, 1932, amended section generally. Prior to amendment, section read as follows: "That suits as herein authorized may be brought only on causes of action arising since April 6, 1917, provided that suits based on causes of action arising prior to the taking effect of this Act shall be brought within one year after this Act goes into effect; and all other suits hereunder shall be brought within two years after the cause of action arises."

5. This court has jurisdiction over this action pursuant to Negotiable instrument law.

6. NOTICE INVOCATION OF RESERVED RIGHTS 46 U.S.C. APPENDIX 787.

7. NOTICE INVOCATION OF RESERVED RIGHTS TITLE 50 U.S.C. APPENDIX JURISDICTION 6, 7, 9, 32INVOCATION OF AMENDMENTS.

8. Invocation of UCC 1-308 all rights reserved.

9. Bill of Rights 1 through 10 respectively.

## STANDING

10. Petitioner hereby incorporates the allegations of the previous paragraph #1 through 9 as though those allegations were fully set forth herein.

11. Petitioner, as a secured party on a properly executed warrantee deed is the one true owner fully vested with all rights to said property and therefore has standing to bring this complaint.

## VENUE

12. Petitioner hereby incorporates the allegations of the previous paragraph #1 through 11 as though those allegations were fully set forth herein.

13. Venue of this matter is proper in that the all parties reside in the District of Northern California, or do business in the District of Northern California, or have done business and committed the crimes as herein alleged within the District of Northern California, and the property in question is situated within the District of Northern California, therefore the NORTHERN DISTRICT COURT OF CALIFORNIA is the only court within the District that has jurisdiction the to hear this matter.

## PARTIES

14. Petitioner hereby incorporates the allegations of the previous paragraph #1through 13 as though those allegations were fully set forth herein.

**SECOND AMENDED COMPLAINT AT LAW and FOR ACTION TO QUIET TITLE AND DAMAGES**

| Gilberto Fernandez Jr., | NORTHERN DISTRICT COURT OF CALIFORNIA | Case No. C08 02909 |
|---|---|---|
| Plaintiff/Petitioner | Page 3 of 20 | July 10, 2008 |

15. The Plaintiff in this action is named Gilberto Fernandez Jr., who is domiciled in California State. Gilberto Fernandez Jr. maintains a mailing address at 1461 Burrows Rd, Campbell, California, [95008]. Gilberto Fernandez Jr. is the successor in interest to this property by way of assignment of one Warranty Deed issued from Gilberto Fernandez Sr. and Leticia X. Fernandez.

16. The Defendants in this case are:

    a. ALLIANCE BANCORP believed to be organized under the laws of the State of California, having a mailing address 1000 MARINA BLVD STE 100, BRISBANE CALIFORNIA 94005.

    b. GMAC MORTGAGE believed to be organized under the laws of the State of Pennsylvania, having a mailing address 100 Witmer Rd Horsham PA 19044.

    c. SELECT PORTFOLIO SERVICING, INC believed to be organized under the laws of the State of Utah, having a mailing address 3815 South West Temple Salt Lake City, UT 84115.

    d. NCC SERVING, LLC believed to be organized under the laws of the State of New York, having a mailing address 190 Lawrence Bell Drive, Suite 104 Buffalo, NY 14221.

    e. GRAYSTONE SOLUTIONS, INC believed to be organized under the laws of the State of Massachusetts, having a mailing address 142 North Rd Ste G Subury, MA 01776.

    f. CONSUMER SOLUTIONS REO, LLC believed to be organized under the laws of the State of Delaware, having a mailing address: 12700 Whitewater Drive, Minnetonka, Minnesota, 55343.

    g. EXECUTIVE TRUSTEE SOLUTIONS, LLC also known as EXECUTIVE TRUSTEE SERVICES, LLC, believed to be organized under the laws of the State of Florida having a Principal address at 15455 San Fernando Mission Blvd, Mission Hills, CA 91345.

    h. HENRY M. PAULSON, JR., SECRETARY OF THE TREASURY, UNITED STATES, 3rd party Defendant as an indispensable party under statute.

    i. MICHAEL B. MUKASEY, U.S. ATTORNEY GENERAL, as ALIEN PROPERTY CUSTODIAN, 3rd party Defendant as an indispensable party under statute.

    j. John and Jane Does are Defendant and Plaintiff who are unknown to Plaintiff at this time, but who may be added appropriately to the complaint as they become known.

## FACTS OF THE CASE

17. Petitioner hereby incorporates the allegations of the previous paragraph #1through 16 as though those allegations were fully set forth herein.

18. **Property in Question**: THE LAND REFERRED TO HEREIN IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF SANTA CLARA, CITY OF CAMPBELL, DESCRIBED AS FOLLOWS:

    a. LOT 30, AS SHOWN UPON THAT CERTAIN MAP ENTITLE, "TRACT No. 311 VISTA DE LAS MONTANAS", WHICH MAP WAS FILED FOR RECORD IN THE OFFICE OF THE RECORDER OF THE COUNTY OF SANTA CLARA, STATE OS CALIFORNIA, ON JUNE 3, 1946 IN BOOK 10 OF MAPS AT PAGES 44 AND 45. APN: 403-16-058; COMMONLY KNOWN AS: 1461 BURROWS RD CAMPBELL, CA 95008

SECOND AMENDED COMPLAINT AT LAW and FOR ACTION TO QUIET TITLE AND DAMAGES

| Gilberto Fernandez Jr., | NORTHERN DISTRICT COURT OF CALIFORNIA | Case No. C08 02909 |
|---|---|---|
| Plaintiff/Petitioner | Page 4 of 20 | July 10, 2008 |

b. and GRAYSTONE SOLUTIONS, INC loan number 5281655133

19. On or about the 23rd of August, 2006, Gilberto-Junior: Fernandez, contracted with ALLIANCE BANCORP for a loan of money in the amount of One Million Dollars and no/100ths ($1,000,000.00 ) US Dollars for the first loan; and Two hundred and Fifty Thousand Dollars and no/100ths($250,000.00).

20. The Promissory Note does not specify whether it was to be paid with money denominated in Federal Reserve Notes or other Negotiable Instruments.

21. Plaintiff made regular monthly payments, in the form of Federal Reserve Notes or Credit on Account, from August 2006 through November 2007.

22. On October 25th, 2006 a <u>NOTICE OF ASSIGMENT, SALE, OR TRANSFER OF SERVICING RIGHTS</u> from ALLIANCE BANCORP to GMAC MORTGAGE PO Box 4622 Waterloo, IA 50704-4622 dated October 25th, 2006

23. On April 2008 the loan transferred from GMAC MORTGAGE to NCC SERVING, LLC 142 North Road Sudbury, MA 01776 loan#4281655133 dated April 25th, 2007

24. On June 2007 a letter of the loan transferred from NCC SERVICING, LLC to GRAYSTONE SOLUTIONS, INC 190 Lawrence Bell Drive Suite 104 Buffalo, NY 14221 loan#5281655133 dated June 15th 2007

25. On or about February 14, 2007 Plaintiff received a notice of default on loan # 0281655133

26. on or about May 15, 2007: Plaintiff received a notice of Trustee's sale of property in question Trustee Sale No: GM-101971 recording requested by FIRST AMERICAN TITLE INSURANCE

27. On April 22, 2008 Plaintiff's property was transferred via a Trustee sale.

28. On June 06, 2008 CONSUMER SOLUTIONS REO, LLC filed case # 108cv114247 in Santa Clara County Superior Court, for UNLAWFUL DETAINER of Plaintiff's property.

29. On June 09, 2008 CONSUMER SOLUTIONS REO, LLC posted an UNLAWFUL DETAINER notice on plaintiff door.

## SUMMARY OF THE CASE

30. Petitioner hereby incorporates the allegations of the previous paragraph #1 through 29 as though those allegations were fully set forth herein.

31. The main part of the case involves Petitioner who has owned the property in question for approximately 2 years and is the record owner of the property by deed. The property, unbeknown to Petitioner, was allegedly transferred under some purported <u>TRUSTEE'S DEED UPON SALE</u> dated 4/30/2008; but Petitioner never understood that, nor received any consideration.

32. Plaintiff alleges that ALLIANCE BANCORP knowingly participated in fraud, and racketeering in a scheme to unlawfully take away Plaintiff's property.

33. Plaintiff alleges that GMAC MORTGAGE knowingly participated in fraud, and racketeering in a scheme to unlawfully take away Plaintiff's property.

34. Plaintiff alleges that SELECT PORTFOLIO SERVICING, INC knowingly participated in fraud, and racketeering in a scheme to unlawfully take away Plaintiff's property.

SECOND AMENDED COMPLAINT AT LAW and FOR ACTION TO QUIET TITLE AND DAMAGES

| Gilberto Fernandez Jr., Plaintiff/Petitioner | NORTHERN DISTRICT COURT OF CALIFORNIA Page 5 of 20 | Case No. C08 02909 July 10, 2008 |
|---|---|---|

35. Plaintiff alleges that NCC SERVING, LLC knowingly participated in fraud, and racketeering in a scheme to unlawfully take away Plaintiff's property.

36. NCC SERVING, LLC is not and never was registered to do business in the state of California.

37. GRAYSTONE SOLUTIONS, INC claims an adverse estate or interest in the subject property for the purposes of complying with the Quiet Title requirements of Cal. Code Civ. Proc.

38. Plaintiff alleges that GRAYSTONE SOLUTIONS, INC knowingly participated in fraud, and racketeering in a scheme to unlawfully take away Plaintiff's property.

39. CONSUMER SOLUTIONS REO, LLC claims an adverse estate or interest in the subject property for the purposes of complying with the Quiet Title requirements of Cal. Code Civ. Proc.

40. Plaintiff alleges that CONSUMER SOLUTIONS REO, LLC knowingly participated in fraud, and racketeering in a scheme to unlawfully take away Plaintiff's property.

41. EXECUTIVE TRUSTEE SOLUTIONS, LLC claims an adverse estate or interest in the subject property for the purposes of complying with the Quiet Title requirements of Cal. Code Civ. Proc. This Defendant is also referred to herein as TRUSTEE.

42. Plaintiff alleges that EXECUTIVE TRUSTEE SOLUTIONS, LLC knowingly participated in fraud, and racketeering in a scheme to unlawfully take away Plaintiff's property.

43. Plaintiff further alleges that EXECUTIVE TRUSTEE SOLUTIONS, LLC has violated the trust that Plaintiff should reasonably expect from that officer. EXECUTIVE TRUSTEE SOLUTIONS, LLC knowingly withheld information from Plaintiff that was of a vital nature to Plaintiff's wellbeing by failing to disclose that, under the terms of the Deed of Trust as an alleged contract, Plaintiff was being required to gift his property to the Mortgage Company without any corresponding consideration in return. As such, EXECUTIVE TRUSTEE SOLUTIONS, LLC knowingly participated in deceit, fraud, and racketeering in a scheme to unlawfully take away Plaintiff's property.

44. Petitioner seeks the following relief:

    a. Petitioner requests that this Court cancel the original Promissory Note for failure of consideration, fraudulent inducement, fraud in fact, and material misrepresentation.

    b. Petitioner requests that this Court rescind the Deed of Trust which was executed in conjunction with the Promissory Note

    c. Petitioner requests that this Court cancel the TRUSTEE'S DEED UPON SALE for fraudulent transfer as the trustee had no valid deed of trust to execute upon.

    d. Petitioner requests that this Court award monetary damages for fraud in fact and usury in violation of federal and state law forbidding such practices.

    e. Petitioner requests that this Court award monetary amounts for the damages, plus punitive amounts, incurred for breach of trust, misfeasance, malfeasance and nonfeasance for failure of the trustee, under the Deed of Trust agreement to inform Petitioner as to the true nature of the contract and inform Petitioner that no consideration was or would be provided for Petitioner upon transfer under the terms of the Deed of Trust.

SECOND AMENDED COMPLAINT AT LAW and FOR ACTION TO QUIET TITLE AND DAMAGES

| Gilberto Fernandez Jr., Plaintiff/Petitioner | NORTHERN DISTRICT COURT OF CALIFORNIA Page 6 of 20 | Case No. C08 02909 July 10, 2008 |

    f. Petitioner requests that this Court award monetary amounts for damages, plus punitive amounts, for: a) mail fraud, b) wire fraud and c) securities fraud under the civil Racketeering Influenced and Corrupt Organizations Act

    g. Petitioner requests that this Court grant declaratory relief declaring that Original Lender in this instance, loaned credit in the form of negotiable instruments called Federal Reserve Notes and so can be paid back in like form with any form of negotiable instruments and not limited to Federal Reserve Notes.

    h. If any Defendant can uphold any valid claim upon Petitioner or Petitioner's property that it be fully discharged and the property returned by making proper claim under Federal Statute 46 USC 748 wherein the Secretary of the Treasury for the United States is authorized to pay claims and judgments and for the return of property under Federal Statute 50 App USC 7, 9 & 32 wherein the Attorney General for the United States is authorized to return property. These are the statutory remedies, as the peoples remedy, for claims and seizures under the fractional reserve fiat monetary system.

## BACKGROUND FACTS

45. Petitioner hereby incorporates the allegations of the previous paragraph #1 through 44 as though those allegations were fully set forth herein.

46. It is Petitioner's contention that the United States is and has been in a bankruptcy since at least 1933 and evidence of such can be found in the Congressional Record and United States Code. As part of the "New Deal" the United Stated borrowed 33 million non-redeemable Federal Reserve Notes from the Federal Reserve and at that time a new form of currency entered into circulation in the system of commerce.

47. As a result today, as contained in numerous case decisions, a debt can no longer be paid but merely discharged as a matter of law. Meaning, Federal Reserve Notes have no intrinsic value, and as such, are negotiable instruments under the negotiable instruments law and when used to, in the common vernacular, "pay" a debt it is like paying a $2 debt owed with a $2 I.O.U. The net result is that one ends up with $4 dollars of debt and therefore, as you can see in this example, the debt is not paid but merely discharged as a matter of law. The original debt still exists but the nature of the debt changes and is no longer collectible.

48. As a matter of practice and usage the only functional currency in circulation and use today is non-redeemable Federal Reserve Notes. When Petitioner applied for the loan and was funded on the loan, he understood and believed he was being loaned "money", meaning money of exchange that was redeemable and had intrinsic value; when in reality he was purchasing credit from the Federal Reserve, through the lender, in the form of Negotiable Instruments, or specifically, Federal Reserve Notes.

49. As a result there were numerous material misrepresentations in the contract for the lending of credit, which constitute fraudulent inducement and which lead to fraud in fact in the operation of the contract. It was never disclosed to the Petitioner that the Mortgage Company, when it loaned "money" according to Federal Reserve Publication Circular 10 under the "Master Account Agreement" as executed with the Federal Reserve (the ultimate source of all credit issued today in the US system), and put up no more than 8% of the total funds that were proffered.

50. This raises several questions the Petitioner is asking the Court to answer. Under such an arrangement where the purported lender, after receiving 2 months of payments, plus a legal and negotiable Promissory Note for $1,000,000.00 (One Million Dollars), has received back

SECOND AMENDED COMPLAINT AT LAW and FOR ACTION TO QUIET TITLE AND DAMAGES

| Gilberto Fernandez Jr., Plaintiff/Petitioner | NORTHERN DISTRICT COURT OF CALIFORNIA<br>Page 7 of 20 | Case No. C08 02909<br>July 10, 2008 |

substantially more than what the purported lender originally contributed; so how are they an injured party? If they have received more back than they put in and are in fact not damaged, do they have standing to foreclose or come to this Court or any other to get remedy? If they have been charging interest on the entire balance, on the life of the loan, and have only put in a small percentage (1/13th) of the overall loan, does that constitute usury in violation of California law prohibiting usury? If the bulk of the proceeds have come from someone other than the purported lender, does the purported lender have standing and/or authority to foreclose or seek remedy in this or any other California court; and if they are entitled to seek remedy, is it for the full amount of the mortgage or just a percentage equivalent to what percentage they have invested?

51. Ancillary points to this issue are: does the purported lender have the statutory authority under California law to foreclose on this particular property? Does the purported lender have possession of the note with a duly executed assignment and evidence of the full amount of consideration provided to demonstrate they are in fact a legitimate Holder in Due Course?

52. The presumption is that every party that comes to this Court, or any other Article I tribunal, is a "corporate entity" (creature of the state), engaged in commerce or commercial activity in this closed Federal Reserve System monopoly, unless the presumption is rebutted. This presumption is hereby rebutted and Rule of Necessity is invoked.

53. Ultimately there must be a remedy to the credit based, fractional reserve, fiat currency, monetary system. It would be a fraud upon the people if they were provided no remedy to pay a debt at law, but were merely allowed to discharge it (replace it with new debt). The creator's of this fractional reserves banking system understood the issues, and have provided remedy in the statutes. These remedies are provided under Federal Statute 46 USC 748 for payment of judgments and claims against United States Vessels, which includes the legal fiction GILBERTO FERNANDEZ JR by the United States Secretary of the Treasury and Federal Statute 50 app USC 7, 9 & 32, for the return of property seized, to be returned by the United States Attorney General as the Alien Property Custodian under the Trading with the Enemy Act under Title 50 app.

## CAUSE OF ACTION TO SET ASIDE FORECLOSURE SALE

54. Petitioner hereby incorporates the allegations of the previous paragraph #1 through 53 as though those allegations were fully set forth herein.

55. GRAYSTONE SOLUTIONS, INC, has no statutory authority to foreclose on any property in the state of California.

56. GRAYSTONE SOLUTIONS, INC, has no authority in its corporate charter and by-laws to foreclose on any property in the state of California.

57. GRAYSTONE SOLUTIONS, INC, has no Note upon which to base any claim on Plaintiff's property.

58. ALLIANCE BANCORP, GMAC MORTGAGE, NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC, used counterfeit securities to defraud this Petitioner.

59. The NOTE and DEED of TRUST in question are invalid because they lack essential components of any valid contract namely a) exchange of consideration, b) full disclosure.

60. GRAYSTONE SOLUTIONS, INC did not ever have a valid contract with Petitioner and there is no deed of trust wherein GRAYSTONE SOLUTIONS, INC is a beneficiary and therefore should not benefit from any foreclosure of this property.

SECOND AMENDED COMPLAINT AT LAW and FOR ACTION TO QUIET TITLE AND DAMAGES

| Gilberto Fernandez Jr., Plaintiff/Petitioner | NORTHERN DISTRICT COURT OF CALIFORNIA Page 8 of 20 | Case No. C08 02909 July 10, 2008 |

61. GRAYSTONE SOLUTIONS, INC is not, and was not, the "Holder in Due Course" of any financial instrument that requires Petitioner to pay or perform, nor upon which GRAYSTONE SOLUTIONS, INC could exercise any right.

62. The Honorable JUDGE CHRISTOPHER A. BOYKO of UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO EASTERN DIVISION, recently ruled in Case 1:07-cv-02282-CAB regarding 14 separate motions for foreclosure "In each of the above-captioned Complaints, the named Plaintiff alleges it is the holder and owner of the Note and Mortgage. However, the attached Note and Mortgage identify the mortgagee and promisee as the original lending institution — one other than the named Plaintiff. Further, the Preliminary Judicial Report attached as an exhibit to the Complaint makes no reference to the named Plaintiff in the recorded chain of title/interest". "The Court's Amended General Order No. 2006-16 requires Plaintiff to submit an affidavit along with the Complaint, which identifies Plaintiff either as the original mortgage holder, or as an assignee, trustee or successor-in-interest. Once again, the affidavits submitted in all these cases recite the averment that Plaintiff is the owner of the Note and Mortgage, without any mention of an assignment or trust or successor interest. Consequently, the very filings and submissions of the Plaintiff create a conflict. In every instance, then, Plaintiff has not satisfied its burden of demonstrating standing at the time of the filing of the Complaint."

63. JUDGE KATHLEEN M. O'MALLEY, UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO EASTERN DIVISION, IN RE FORECLOSURE ACTIONS, states: "Fifth Amended General Order No. 2006-16 (October 10, 2007). A foreclosure plaintiff, therefore, especially one who is not identified on the note and/or mortgage at issue, must attach to its complaint documentation demonstrating that it is the owner and holder of the note and mortgage upon which suit was filed. In other words, a foreclosure plaintiff must provide documentation that it is the owner and holder of the note and mortgage as of the date the foreclosure action is filed."

64. Anything short of the full disclosure of all known pertinent facts is a fraud upon the court and renders void any decree thereafter entered. Coppinger v. Coppinger, 130 Colo. 175, 274 P.2d 328 (1954); Weber v. Williams, 137 Colo. 269, 324 P.2d 365 (1958)

65. To simply go through the form of legalism without a fair disclosure of existing known facts is of no avail. Coppinger v. Coppinger, 130 Colo. 175, 274 P.2d 328 (1954); Weber v. Williams, 137 Colo. 269, 324 P.2d 365 (1958).

## CAUSES OF ACTION AND CLAIM FOR FAILURE OF CONSIDERATION
### As against Defendants ALLIANCE BANCORP, GMAC MORTGAGE, NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC

66. Petitioner hereby incorporates the allegations of the previous paragraph #1 through 65 as though those allegations were fully set forth herein.

67. The alleged Lender ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE, NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC did fail to lend any valuable consideration. ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE, NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC provided no more than a promise to pay the substance of value, which is known as Legal Tender, by issuing a promise to pay said Legal tender through the issuance of Negotiable Instruments. Any Legal Tender that ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE, NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC did actually part with, as a result of the Negotiable Instruments later being presented to them, was a

SECOND AMENDED COMPLAINT AT LAW and FOR ACTION TO QUIET TITLE AND DAMAGES

| Gilberto Fernandez Jr., Plaintiff/Petitioner | NORTHERN DISTRICT COURT OF CALIFORNIA Page 9 of 20 | Case No. C08 02909 July 10, 2008 |

secondary and unrelated transaction.

68. ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE; NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC did not pay the value, as agreed to in the Note, to the parties that they agreed to lend the money to. What ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE, NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC provided to the alleged borrower was a promise to pay value in the form of Negotiable Instruments. These Negotiable Instruments in and of themselves contained no value but were merely promised to pay all value at a later date. As no value was parted with at the formation and completion of the loan agreement and alleged contract. Any alleged contract evidenced by the Promissory Note and Deed of Trust is inherently invalid.

## CAUSES OF ACTION AND CLAIM FOR USURY
## As against Defendants ALLIANCE BANCORP, GMAC MORTGAGE, NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC

69. Petitioner hereby incorporates the allegations of the previous paragraph #1 through 68 as though those allegations were fully set forth herein.

70. **USURY**. If the Promissory Note which the present Deed of Trust is designed to secure can be held to lawfully require a repayment in Legal Tender, then any good faith estimate accounting for that actual amount of Legal Tender Federal Reserve Notes that were actually parted with, will reveal that ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE, NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC actually gained a Usurious amount of interest in violation of article 15 of the California Constitution. Through the use of their fractional reserve banking system, ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE, NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC probably parted with a sum of Legal Tender Federal Reserve Notes amounting to less than 1/8th of the face value of the Negotiable Instruments that they issued to encumber the property in question. This means that the actual interest rate upon the accurate amount of Legal Tender Federal Reserve Notes as were allegedly loaned was a minimum of 8 times greater than the amount agreed to in the original Trust Deed Contract. This is a violation of Common Law and Statutory prohibitions against usury throughout the vast majority of the laws of this nation. As a result of this Usury, the obligation's true, smaller but hidden principal has been paid off, and all economic interest on the true principal that ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE, NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC had in the property in question has also been repaid. As a result the interest that ALLIANCE BANCORP and the alleged successor in interest GRAYSTONE SOLUTIONS, INC continues to claim through the Deed of Trust is no longer lawfully existent.

71. Attempted Collection of an Unlawful Debt in Violation of Principles of Law enshrined within 18 USC 1961, 1962, and 1964. ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE, NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC have received income from collection of the un-lawful debt encumbering this Plaintiff's property. ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE, NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC have participated in and/or used the proceeds of such income in the operation of an enterprise which engages in activities which affect interstate and foreign commerce in violation of the principles of Common-Law enshrined within 18 U.S.C. 1961, 1962, and 1964.

SECOND AMENDED COMPLAINT AT LAW and FOR ACTION TO QUIET TITLE AND DAMAGES

Gilberto Fernandez Jr., Plaintiff/Petitioner   NORTHERN DISTRICT COURT OF CALIFORNIA   Case No. C08 02909
2008                                            Page 10 of 20                        July 10,

## CAUSES OF ACTION AND CLAIM FOR BREACH
## As against Defendants GRAYSTONE SOLUTIONS, INC

72. Petitioner hereby incorporates the allegations of the previous paragraph #1 through 71 as though those allegations were fully set forth herein.

73. **BREACH OF CONTRACT, FIRST COUNT:** ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE, NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC contracted with this Plaintiff to loan Plaintiff Legal Tender "Dollars" of U.S. currency. The contracting parties contracted that the loan would be repaid in Legal Tender "Dollars". The contracting parties did not enter into a contract to loan or borrow and repay in Negotiable Instruments. ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE, NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC failed to lend this Plaintiff Legal Tender "Dollars" as lawfully defined by the US Congress in the form of US Silver Coin.

74. The U.S. Congress, in deciding what was to be Legal Tender for this country, by act on April 2nd, of 1792, defined the term "Dollar" to mean specifically a coin issued by the U.S. Government containing 371 4/16 grains of pure silver. There is no lawful authority for referring to any form of paper currency as Legal Tender "Dollars". As ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE, NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC, have failed to lend Legal Tender within the Lawful definition of the term, the contractual agreement between these parties was breached by ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE, NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC. Therefore the Promissory Note and the Deed of Trust upon which it is founded are lawfully invalid.

75. **BREECH OF CONTRACT, SECOND COUNT.** By common acceptance, and the Federal Reserve Corporation's own decree, Federal Reserve Notes and other US Currency have come to be known as Legal Tender "Dollars". ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE, NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC entered into a contract to lend Legal Tender "Dollars" to this Plaintiff. The contracting parties entered into a contract to loan or borrow and repay Legal Tender "Dollars". The contracting parties did not enter into a contract to loan or borrow and repay Negotiable Instruments.

76. ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE, NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC did not loan any Legal Tender "Dollars" to this Plaintiff, as the term "Dollars" has commonly come to be known and used. As a result, ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE, NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC have not loaned the "Dollars" intended and specified in the contract as defined by common definition. As a result, the terms of the contractual agreement between these parties was breached by ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE, NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC.

SECOND AMENDED COMPLAINT AT LAW and FOR ACTION TO QUIET TITLE AND DAMAGES

Gilberto Fernandez Jr.,            NORTHERN DISTRICT COURT OF CALIFORNIA            Case No. C08 02909
Plaintiff/Petitioner                                Page 11 of 20                                              July 10, 2008

### CAUSES OF ACTION AND CLAIM FOR ULTRA VIRES
### As against Defendants ALLIANCE BANCORP
### and the alleged successors in interest
### GMAC MORTGAGE, NCC SERVING, LLC;
### and GRAYSTONE SOLUTIONS, INC

77. Petitioner hereby incorporates the allegations of the previous paragraph #1 through 76 as though those allegations were fully set forth herein.

78. **ULTRA VIRES:** ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE, NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC exceeded the express provisions of its Corporate Charter in that it engaged in the activity of loaning a substance other than Legal Tender "Dollars" of the United States. The Negotiable Instruments which it issued in granting the loan here in question are not Legal Tender "Dollars" of the United States. ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE, NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC are authorized by their respective charters to loan Legal Tender "Dollars" of the United States only. There is no authority in existence which authorizes ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE, NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC to loan the Negotiable Instruments as it did in this case.

### CAUSES OF ACTION AND CLAIM FOR INDEFINITENESS OF CONTRACT
### As against Defendants ALLIANCE BANCORP and the alleged successors in
### interest GMAC MORTGAGE, NCC SERVING, LLC;
### and GRAYSTONE SOLUTIONS, INC

79. Petitioner hereby incorporates the allegations of the previous paragraph #1 through 78 as though those allegations were fully set forth herein.

80. **INDEFINITENESS:** As a result of the failure of ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE, NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC to specify the essential term of whether they would loan in Legal Tender "Dollars" or Negotiable Instruments and whether they would demand payment in Legal Tender "Dollars" or Negotiable Instruments, ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE, NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC created a contract which was indefinite to the point that a Court of Law will not be able to determine which type of funds was either agreed to be loaned or to be repaid. As a result the contract is indefinite within the term as defined by law.

### CAUSES OF ACTION AND CLAIM FOR UNCONSCIONABILITY
### As against Defendants ALLIANCE BANCORP and the alleged successors in
### interest GMAC MORTGAGE, NCC SERVING, LLC;
### and GRAYSTONE SOLUTIONS, INC

81. Petitioner hereby incorporates the allegations of the previous paragraph #1 through 80 as though those allegations were fully set forth herein.

82. **UNCONSCIONABILITY:** As a result of the Fractional Reserve banking practices and the loan of Negotiable Instruments by ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE, NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC, and their officers, the actual amount of Federal Reserve Notes commonly considered "Legal Tender" that were parted with was only 1/8th or 12% of the amount agreed to in the original

SECOND AMENDED COMPLAINT AT LAW and FOR ACTION TO QUIET TITLE AND DAMAGES

| Gilberto Fernandez Jr., Plaintiff/Petitioner | NORTHERN DISTRICT COURT OF CALIFORNIA Page 12 of 20 | Case No. C08 02909 July 10, 2008 |

Loan Agreement and Deed of Trust Contract. This is a violation of State and Federal as well as U.C.C. section 2-302, and other provisions against unconscionable actions,.

83. Further, the parties to the contract occupied substantially unequal bargaining positions in that ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE, NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC had access to the ability to circulate Negotiable Instruments as money within the community and state. By this activity ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE, NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC have the ability to circulate, as money, the Negotiable Instruments which they issue. This gives ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE, NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC the ability to circulate between 8 and 33 times the amount of money in comparison to the amount that this Plaintiff is capable of circulating. As the Negotiable Instruments of this Plaintiff are not accepted for circulation as money, he is in a substantially unequal bargaining position, and he was thus unfairly influenced to enter into the contract.

### CAUSES OF ACTION AND CLAIM FOR FRAUD
### As against Defendants ALLIANCE BANCORP
### and the alleged successors in interest
### GMAC MORTGAGE; NCC SERVING, LLC;
### and GRAYSTONE SOLUTIONS, INC

84. Petitioner hereby incorporates the allegations of the previous paragraph #1 through 83 as though those allegations were fully set forth herein.

85. **FRAUD:** The failure of ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE; NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC to specify the essential terms of whether they would loan in Legal Tender "Dollars" or Negotiable Instruments or demand payment in Legal Tender "Dollars" or Negotiable Instruments allowed ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE; NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC to take fraudulent advantage of this Plaintiff.

86. The CALIFORNIA FINANCIAL CODE specifically prohibits banking institutions such as ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE; NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC from circulating their commercial paper in purposeful efforts to create debts such as the one encumbering this Plaintiff's property. As such, the note and trust deed encumbering this Plaintiffs property are invalid.

87. **FRAUD:** Petitioner states that Defendant ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE; NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC's actions of fraud and deceit have foundation in Taylor v. State Compensation Insurance Fund, 175 Mont. 432, 913 P.2d 1242 (1996) where in order to sustain a claim of fraud, claimant was required to plead and prove each of the nine elements of fraud: (1) a representation; (2) falsity of the representation; (3) materiality of the representation; (4) speaker's knowledge of the falsity of the representation; (5) the speaker's intent it should be relied upon; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation; (8) the hearer's right to rely on the representation; and (9) the hearer's consequent and proximate injury caused by reliance on the representation.

SECOND AMENDED COMPLAINT AT LAW and FOR ACTION TO QUIET TITLE AND DAMAGES

| Gilberto Fernandez Jr., | NORTHERN DISTRICT COURT OF CALIFORNIA | Case No. C08 02909 |
|---|---|---|
| Plaintiff/Petitioner | Page 13 of 20 | July 10, 2008 |

88. Petitioner contends that all of the above elements exist and believes and having knowledge and thereon alleges that on the date of the execution of the Promissory Note, and accompanying Deed of Trust document. The relevant information contained therein was false and materially deceptive, and unfair business trade practices were used to conceal the true nature of the transaction

  (1) A representation:

  ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE; NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC represented that they were going to fund the loan.

  (2) Falsity of the representation:

  ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE; NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC did not in fact loan money to Petitioner.

  (3) Materiality of the representation:

  ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE; NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC's misrepresentations were material because the facts are that under the current monetary system of the USA, the lender loans no money to the borrower as alleged in the loan application or loan documents.

  (4) Speaker's knowledge of the falsity of the representation:

  The lender falsely stated the lender was loaning money prior to closing and the title / escrow person who received the check(s) are able to see that the "lender" does not transfer funds into the escrow account and that the source of the funds is from elsewhere but falsely represented that funds did come from the "lender".

  (5) The speaker's intent it should be relied upon:

  ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE; NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC's words were relied upon by Petitioner in good faith. Consequently Petitioner was then defrauded during the process of funding and closing the loan.

  (6) The hearer's ignorance of the falsity of the representation;

  Petitioner was not privy to the source of funds and was not in an equal or similarly situated business posture as ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE; NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC at the time of the Contract formation period, and was taken advantage by the unfair business practices brought on by ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE; NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC.

  (7) The hearer's reliance on the representation;

  ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE; NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC words and writings were relied upon to the detriment of the Petitioner as Petitioner was fraudulently induced to pay money of exchange (currency exchanged for a substantial portion of Petitioner's

SECOND AMENDED COMPLAINT AT LAW and FOR ACTION TO QUIET TITLE AND DAMAGES

Gilberto Fernandez Jr.,  NORTHERN DISTRICT COURT OF CALIFORNIA  Case No. C08 02909
Plaintiff/Petitioner  Page 14 of 20  July 10, 2008

commercial energy) for money of account (Credit on Account created by Defendant, out of nothing).

(8) The hearer's right to rely on the representation;

Petitioner relied upon ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE; NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC's offer and was given a good faith estimate, assurances, written agreement, and words that Petitioner had a right to rely on, and because Petitioner did rely upon the acts, deeds and inducement by ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE; NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC who had superior knowledge, and because it is an industry standard operation, Petitioner relied upon these representations as were made about the so called "loan".

(9) The hearer's consequent and proximate injury caused by reliance on the representation. Petitioner's reliance upon fraud in statements and writings provided to him by parties in superior position precluded Petitioner from appreciating the essential elements of the undertaking. Petitioner's reliance gave forth to consequent and proximate injuries for:

    a) Loss by conversion under contract

    b) Financial instability of the home unit due to usury.

    c) Interfering with financial stability.

    d) Loss of use and enjoyment of funds which were paid in unfair advantage to ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE; NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC

## CAUSES OF ACTION AND CLAIM FOR
## BREACH AND CONVERSION UNDER CONTRACT
## AGAINST EXECUTIVE TRUSTEE SOLUTIONS, LLC DEFENDANT

89. Petitioner hereby incorporates the allegations of the previous paragraph #1 through 88 as though those allegations were fully set forth herein.

90. Defendant EXECUTIVE TRUSTEE SOLUTIONS, LLC, as Trustee, owed a duty of care to Petitioner under the Deed of Trust agreement dated August 31, 2006 As a direct and proximate result of the Trustee's failure to disclose the true nature of the trust relationship, and failing to inform Petitioner that upon executing the said Deed of Trust agreement, Petitioner made a gift of his property to the trust. Due to this negligence Petitioner has sustained consequent and proximate injuries for:

a) Breach of Fiduciary Duty;

b) Conversion of Property;

c) Personal Injury;

d) Unjust Enrichment;

e) Financial Loss According to Proof;

f) Interference with a Business Relationship;

g) Deprivation of the Right to Use and Enjoy.

SECOND AMENDED COMPLAINT AT LAW and FOR ACTION TO QUIET TITLE AND DAMAGES

Gilberto Fernandez Jr.,      NORTHERN DISTRICT COURT OF CALIFORNIA      Case No. C08 02909
Plaintiff/Petitioner     Page 15 of 20     July 10, 2008

## CAUSE OF ACTION FOR CANCELLATION
### Return Promissory Note for Cancellation

91. Petitioner hereby incorporates the allegations of the previous paragraph #1 through 90 as though those allegations were fully set forth herein.

92. Petitioner requests that the original NOTE be brought to Court for inspection and review for the purpose of authentication under rules of evidence, and for canceling due to Fraud in Fact.

## CAUSE OF ACTION FOR CANCELLATION
### Return Deed of Trust for Cancellation

93. Petitioner hereby incorporates the allegations of the previous paragraph #1 through 92 as though those allegations were fully set forth herein.

94. Petitioner requests that the original Deed of Trust to be brought to Court for inspection and review to authenticate under rules of evidence for canceling.

   **Cancellation of an instrument may be had in an action for restitution [see, e.g., Millar v. James (1967) 254 Cal. App. 2d 530, 532, 534, 62 Cal. Rptr. 335 (affirming judgment for restitution of real property conveyed in consequence of fraudulent inducement, and for cancellation of Petitioner's deed to defendant)]. A Petitioner seeking restitution on the basis of his unilateral rescission of a contract is entitled to complete relief [see Civ. Code § 1692[Dearing's]].**

95. Specific reasons for requesting cancellation of the Deed of Trust is that upon the Note being cancelled, the Deed of Trust is no longer a valid document due to the merger rule upon which the Trust is terminated by operation of law and for Fraud in Fact.

## CAUSE OF ACTION FOLLOWING TRUST PROPERTY INTO ITS PRODUCT
### AGAINST TRUSTEE

96. Petitioner hereby incorporates the allegations of the previous paragraph #1 through 95 as though those allegations were fully set forth herein.

97. Where the trustee, by the wrongful disposition of trust property, acquires other Property, the beneficiary is entitled, at his option, to either enforce a constructive trust of the property so acquired, or to enforce an equitable lien upon it to secure his claim against the trustee for damages for breach of trust, misfeasance, malfeasance and or nonfeasance, as long as the product of the trust Property is held by the trustee and can be traced.

98. Except as stated above, the claim of the Petitioner against the trustee(s), any and all applicable, and for breach of trust, is that of a general claim with more specific claims possible once discovery is completed and a right to amend is reserved.

## CAUSE OF ACTION CIVIL RICO
### AGAINST TRUSTEE AND MORTGAGE DEFENDANTS

99. Petitioner hereby incorporates the allegations of the previous paragraph #1 through 98 as though those allegations were fully set forth herein.

SECOND AMENDED COMPLAINT AT LAW and FOR ACTION TO QUIET TITLE AND DAMAGES

| Gilberto Fernandez Jr., Plaintiff/Petitioner | NORTHERN DISTRICT COURT OF CALIFORNIA Page 16 of 20 | Case No. C08 02909 July 10, 2008 |

100. **ILLEGALITY BY MONOPOLY, CONSPIRACY, & RACKETEERING:** ALLIANCE BANCORP; GMAC MORTGAGE; NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC , and their officers, and other Banking, Financial, Political, and/or Real Estate Institutions, (unknown at this time) have all knowingly, or unknowingly, conspired against the working class population of the good County of Santa Clara and State of California to submerge the common people in a mountain of perpetual and unpayable debt. The Federal Reserve Banking Corporation of which ALLIANCE BANCORP; GMAC MORTGAGE; NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC is a franchise agent, has demonstrated an historical and documentable track record of purposefully expanding and contracting the money supply at timed intervals so as to purposefully dispossess economically vulnerable Californians and Americans from their property. This Plaintiff and all of the good people of Santa Clara County, the State of California, and the United States are the pointed targets of a conspiracy by ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE; NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC and other banking corporations, to reduce the people of America to a class of obedient and broken slaves in a society with substantially less constitutional rights and in a mirror image likeness to that of Nazi Germany or the previous Soviet Union.

101. ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE; NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC and its officers are active causes of and participants in the present increase in the foreclosure rate in this state. This Plaintiff does not know whether the individual officers are knowledgeable or not of their criminality, but they have caused detriment and damage to this Plaintiff, and every homeowner in this state by the manner in which they entered into this, and the majority of their other lending contracts.

102. Petitioner claims that ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE; NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC and EXECUTIVE TRUSTEE SOLUTIONS, LLC operate in a pattern, practice and course of conduct which constitutes a criminal enterprise in violation of Federal and State Racketeering Statutes. Said Defendants regularly engage in cooperative efforts to deprive the public of property and cash under an elaborate scheme or artifice where the unaware public unknowingly enters into contracts under fraudulent terms wherein they are systematically loaned credit when they were led to believe that they were being loaned real money, and are thereby placed into peonage and usury due to a lack of consideration by the mortgage company.

103. Petitioner claims that ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE; NCC SERVING, LLC; and GRAYSTONE SOLUTIONS, INC and EXECUTIVE TRUSTEE SOLUTIONS, LLC operate in a pattern, practice and course of conduct which constitutes a criminal enterprise in violation of Federal and State Racketeering Statutes. Said Defendants regularly engage in cooperative efforts to deprive the public of property and cash under an elaborate scheme or artifice where: in order for the public to close on a loan, they are deceived, by a person who is in a superior position, into gifting their property away under the conveyance and security instruments including a Deed of Trust, the nature of which was not fully disclosed, which in turn precluded this Petitioner from appreciating the essential elements of the undertaking.

104. In turn, Petitioner claims that ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE; NCC SERVING, LLC; GRAYSTONE SOLUTIONS, INC; and EXECUTIVE TRUSTEE SOLUTIONS, LLC operate in a pattern, practice and course of

SECOND AMENDED COMPLAINT AT LAW and FOR ACTION TO QUIET TITLE AND DAMAGES

| Gilberto Fernandez Jr., Plaintiff/Petitioner | NORTHERN DISTRICT COURT OF CALIFORNIA Page 17 of 20 | Case No. C08 02909 July 10, 2008 |

conduct which constitutes a criminal enterprise in violation of Federal and State Racketeering Statutes. Said Defendants regularly engage in cooperative efforts to deprive the public of property and cash under an elaborate scheme or artifice wherein said Defendants systematically engage in a foreclosure process and deprive the public of property, upon a fraudulent process founded upon fraudulent documents.

105. Petitioner claims that ALLIANCE BANCORP and the alleged successors in interest GMAC MORTGAGE; NCC SERVING, LLC; GRAYSTONE SOLUTIONS, INC and EXECUTIVE TRUSTEE SOLUTIONS, LLC operate in a pattern, practice and course of conduct which constitutes a criminal enterprise in violation of Federal and State Racketeering Statutes. Said Defendants regularly engage in cooperative efforts to deprive the public of property and cash under an elaborate scheme or artifice where this systematic usury and deprivation are the cause of consequent and proximate injuries under the Civil RICO Statutes.

## ALLEGATIONS OF CRIMINAL WRONGDOING

106. Petitioner hereby incorporates the allegations of the previous paragraph #1 through 105 as though those allegations were fully set forth herein.

107. Defendants (except Federal Officials) knew or should have known and fraudulently made a false oath or account, a violation of State and Federal Law.

108. Defendants (except Federal Officials) knew or should have known and fraudulently presented or used a false claim, a violation of Federal and State law.

109. Defendants (except Federal Officials) knew or should have known and fraudulently caused a False Security Instrument or Counterfeit Security to be created.

110. Defendants (except Federal Officials) are engaging in a pattern and practice of conduct that constitutes a criminal enterprise in violation of State and Federal RICO statutes.

## CAUSE OF ACTION INVOLVING FEDERAL OFFICIALS

111. Petitioner hereby incorporates the allegations of the previous paragraph #1 through 110 as though those allegations were fully set forth herein.

112. If any Defendant can uphold any valid claim upon Petitioner or Petitioner's property that it be fully discharged and the property returned by making proper claim under Federal Statute 46 USC 748 wherein the Secretary of the Treasury for the United States is authorized to pay claims and judgments and for the return of property under Federal Statute 50 App USC 7, 9 & 32 wherein the Attorney General for the United States is authorized to return property. These are the statutory remedies, as the peoples remedy, for claims and seizures under the fractional reserve fiat monetary system.

## RELIEF REQUESTED

113. Petitioner hereby incorporates the allegations of the previous paragraph #1 through 112 as though those allegations were fully set forth herein.

114. WHEREFORE, Petitioner requests the following relief requested that this Court:

115. Require the Defendants to answer this complaint, admitting and denying with particularity each and every allegation herein or suffer the ramifications of a default for failure to answer and an injunction be ordered preventing any Defendant from moving against the property, contacting any tenants, transferring any property or in any way

SECOND AMENDED COMPLAINT AT LAW and FOR ACTION TO QUIET TITLE AND DAMAGES

Gilberto Fernandez Jr.,
Plaintiff/Petitioner

NORTHERN DISTRICT COURT OF CALIFORNIA
Page 18 of 20

Case No. C08 02909
July 10, 2008

loan of dollars and then SWITCH to loan Negotiable Instruments as a feigned fulfillment of that obligation.

129. For Punitive Damages in an amount sufficient to send a message that such practices are repugnant to the people of Santa Clara County and the State of California.

130. That this Court issue Declaratory Judgment that it is a proper interpretation of the doctrine of Equal Protection of the Laws that all who loan negotiable instruments or other instruments of credit in this state be compelled to accept negotiable instruments issued by the People of this state in satisfaction of these debts so contracted.

131. An order granting injunctive relief from any parties moving against the Plaintiff and/or his real estate, including the property in question, without first proving to this Court that all the lawful requirements and statutory requirements for foreclosure and transfer of property have been met.

132. If any Defendant can uphold any valid claim upon Petitioner or Petitioner's property that it be fully discharged and the property returned by making proper claim under Federal Statute 46 USC 748 wherein the Secretary of the Treasury for the United States is authorized to pay claims and judgments and for the return of property under Federal Statute 50 App USC 7, 9 & 32 wherein the Attorney General for the United States is authorized to return property. These are the statutory remedies, as the peoples remedy, for claims and seizures under the fractional reserve fiat monetary system.

133. Plaintiff seeks determination as of the date of filing of this petition.

134. Plaintiff petitions this court to make a determination on this petition.

GILBERTO FERNANDEZ JR
By: Gilberto-Junior: Fernandez, agent, Petitioner/Plaintiff: UCC 3-402(b)(1)

_____
Signature: Gilberto-Junior: Fernandez, Petitioner/Plaintiff, lawful man

## JURAT

State of California       )
                          ) ss
Santa Clara County        )

Subscribed and sworn to (or affirmed) before me on this __10__ day of __July__, 2008, by __Gilberto Fernandez Junior__, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
Notary Public

(SEAL)   DAVID K. D. LOO
         Commission # 1618651
         Notary Public - California
         Santa Clara County
         My Comm. Expires Dec 1, 2009

my commission expires 12/01/2009

---

SECOND AMENDED COMPLAINT AT LAW and FOR ACTION TO QUIET TITLE AND DAMAGES

| Gilberto Fernandez Jr., Plaintiff/Petitioner | NORTHERN DISTRICT COURT OF CALIFORNIA Page 20 of 20 | Case No. C08 02909 July 10, 2008 |