JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JAMES A. SCHARF(CSBN 152171)
Assistant United States Attorney

150 Almaden Boulevard, Suite 900
San Jose, CA 95113
Telephone: (408) 535-5044
FAX: (408) 535-5081
james.scharf@usdoj.gov

Attorneys for Federal; Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO FERNANDEZ, JR.<br><br>    Plaintiff,<br><br>    v.<br><br>Alliance Bancorp, et al.,<br><br>    Defendants. | No. C 08 02909 HRL<br><br>FEDERAL DEFENDANTS' MOTION TO DISMISS AND CONSENT TO MAGISTRATE JUDGE<br><br>Date: October 7, 2008<br>Time: 10:00 a.m.<br>Courtroom: 2<br>Judge: Magistrate Judge Howard R. Lloyd |

TO: ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Please take notice that on October 7, 2008, at 10:00 a.m., or as soon thereafter as this matter may be heard by this Court, located 280 South First Street, San Jose, California 95113, defendants Henry M. Paulson, Jr. And Michael B. Mukasey ("Federal Defendants"), will and hereby do move this Court pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for an order dismissing plaintiff's claims against them with prejudice.

FEDERAL DEFENDANTS' MOTION TO DISMISS
No. C 08 02909 HRL

This Motion is based on this Notice and Brief, the Court files and pleadings in this action, and any other matters that the Court may consider at the hearing.

Federal Defendants hereby consent to the assignment of a U.S. Magistrate Judge for all purposes, including adjudication of this motion.

## I. INTRODUCTION

Plaintiff's Petition filed June 11, 2008, and Amended Petition filed June 20, 2008, stem from a foreclosure sale of plaintiff's real property. Amended Petition at 6-17. The non-federal defendants are the financial institutions which at various times held the promissary note on plaintiff's property. Amended Petition at 5. In essence, plaintiff seeks to cancel the original promissary note for fraud. Amended Petition at 18-a. Plaintiff sued the Federal Defendants as "indispensable part[ies] under statute," but does not allege that they acted unlawfully in any way. Amended Petition at 5-I and j. Apparently, there is an unlawful detainer proceeding relating to the subject property pending in Santa Clara County Superior Court. Amended Petition at 16-17.

The short answer to plaintiff's grievance is that plaintiff does not contend that the Federal Defendants did anything wrong. Accordingly, plaintiff's complaint fails to state a cause of action against them. The longer answer is that the United States has not waived sovereign immunity with respect to these claims, and plaintiff has not exhausted his administrative remedies. Accordingly, this Court lacks subject matter jurisdiction over plaintiff's claims against the Federal Defendants.

## II. ARGUMENT

### A. PLAINTIFF DOES NOT ACCUSE THE FEDERAL DEFENDANTS OF ANY MISCONDUCT

Plaintiff's Amended Petition does not allege that the Federal Defendants committed any act or omission which harmed plaintiff. Indeed, the Amended

FEDERAL DEFENDANTS' MOTION TO DISMISS
No. C 08 02909 HRL

Petition does not allege that plaintiff had any contact of any kind with the Federal Defendants. Plaintiff sues the Federal Defendants as "indispensable part[ies] under statute" but does not explain why they are indispensable; nor does plaintiff explain under what statute they are sued. Clearly, plaintiff's grievance is with the non-federal financial institutions with which plaintiff directly dealt. The proper forum to resolve this dispute is probably the pending state court unlawful detainer action. If plaintiff has a legitimate argument to keep his property, that is the place to make it.

### B. THE FEDERAL DEFENDANTS ARE NOT PROPER DEFENDANTS TO THE CURRENT ACTION

#### 1. Any Alleged Actions Giving Rise to Plaintiffs' Claims Were Within the Scope of their Employment

Under the Federal Tort Claims Act ("FTCA"), individual government employees are not personally liable for tort claims alleging a negligent or wrongful act on the part of a government employee in the course and scope of his employment. 28 U.S.C. § 2679(b)(1). Such tort suits can be brought only against the United States of America. See 28 U.S.C. § 2679(d). Plaintiff admits in the caption of his complaint that defendant Henry M. Paulson, Jr., is sued as "Secretary of the Treasury, United States" and that defendant Michael B. Mukasey is sued as "U.S. Attorney General, as Alien Property Custodian." Thus, plaintiff sued the Federal Defendants in their official capacities. Consequently, they cannot be proper defendants in this action, absent an allegation that they violated plaintiff's constitutional rights, which they did not.

#### 2. Plaintiff has Not Alleged a Violation of His Constitutional Rights by the Federal Defendants.

Although the FTCA authorizes claims against the United States, not private individuals, a limited exception permits suit against an employee of the federal government who violates a right guaranteed by the Constitution of the United

FEDERAL DEFENDANTS' MOTION TO DISMISS
No. C 08 02909 HRL

States. 28 U.S.C. § 2679(b)(2); Siegert v. Gilley, 500 U.S. 226 (1991). Plaintiff cannot take advantage of this exception, however, because he has not alleged any violation of his constitutional rights by the Federal Defendants. Allegations of negligence against federal officials are insufficient, and plaintiff's complaint does not even allege that. See Daniels v. Williams, 474 U.S. 327, 328 (1986); 28 U.S.C. § 2680(h); Owyhee Grazing Ass'n, Inc. v. Field, 637 F.2d 694, 697 (9th Cir. 1981).

### C. LEAVE TO AMEND WOULD BE FUTILE BECAUSE THE DEFICIENCIES OF THE COMPLAINT CANNOT BE CURED BY AMENDMENT

Leave to amend is not warranted in the present case because plaintiff as no ability to allege new facts that would overcome the fatal defects of his complaint. See Lucas v. Department of Corrs., 66 F.3d 245, 248 (9th Cir. 1995) (providing that a pro se litigant must be given leave to amend unless it is absolutely clear that the deficiencies of the pleading cannot be cured by amendment).

#### 1. The United States has not Waived Sovereign Immunity.

"It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued ." U. S. v. Mitchell, 445 U.S. 535, 538 (1980) (internal quotations omitted). The question of whether or not the United States has waived sovereign immunity is a question of subject matter jurisdiction. Id.; McCarthy v. U.S., 850 F.2d 558, 560 (9th Cir. 1988). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." Mitchell, 445 U.S. at 538 (internal quotations omitted); Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983), *cert. denied sub nom* Holloman v. Clark, 466 U.S. 958 (1984). The burden is on the plaintiff to prove the existence of the government's waiver of sovereign immunity. Holloman, 708 F.2d at 1401.

Although the FTCA contains a general waiver of the United States' sovereign

FEDERAL DEFENDANTS' MOTION TO DISMISS
No. C 08 02909 HRL

4

immunity for state common law or statutory torts arising out of the negligence of an officer or employee of the United States acting within the course and scope of his or her duties, the FTCA specifically excludes actions arising out of "libel, slander, misrepresentation [or] deceit." 28 U.S.C. § 2680(h). This exclusion clearly prevents any court from exercising jurisdiction over plaintiffs' potential claims against the federal government. See id.; Mount Homes, Inc. v. United States, 912 F.2d 352, 354 (9th Cir. 1990); Owyhee Grazing Ass'n, Inc. v. Field, 637 F.2d 694, 697 (9th Cir. 1981) ("[C]laims against the United States for fraud or misrepresentation by a federal officer are absolutely barred by 28 U.S.C. § 2680(h)."). Therefore, even if plaintiff amended his complaint to allege misrepresentation claims against the United States, no federal court could exercise subject matter jurisdiction over such claims against the federal government.

### 2. Plaintiff Has Failed To Exhaust His Mandatory Administrative Remedies

Furthermore, to the extent that plaintiff's allegations against the Federal Defendants are construed as arising under tort, his complaint should be dismissed for failure to exhaust administrative remedies. The FTCA imposes as a prerequisite to its waiver of sovereign immunity the condition that a party must first file an administrative claim with the appropriate federal agency. 28 U.S.C. § 2675(a). The administrative claim requirement of the FTCA is jurisdictional, and may not be waived. See McNeil v. United States, 508 U.S. 106 (1993) (affirming dismissal for lack of subject matter jurisdiction of action brought under FTCA where administrative claim requirement was not satisfied before suit was filed); Jerves v. United States, 966 F.2d 517, 521 (9th Cir. 1992) (same). The plaintiff in an action seeking relief under the FTCA has the burden of pleading and proving that he complied with the FTCA's administrative claim presentment requirement. See Bruce v. United States, 621 F.2d 914, 918 (8th Cir. 1980) (district court lacked

jurisdiction under the FTCA "because [plaintiff] failed to allege compliance with the administrative claim procedure set forth in 28 U.S.C. § 2675); Altman v. Connally, 456 F.2d 1114, 1116 (2d Cir. 1972) (affirming dismissal of complaint in part because plaintiff failed to allege compliance with administrative claim procedure under the FTCA); Mooney v. Clerk of Courts, District of New Hampshire, 831 F.Supp. 7, 10 (D.N.H. 1993) (claims which could be interpreted as sounding in tort against the federal government "would be required to be dismissed" where plaintiff failed to allege in the complaint that he had complied with the administrative claim requirement of the the FTCA).

The complaint in this case does not allege that plaintiff has presented an administrative claim under the FTCA to any federal agency. This defect alone requires dismissal of federal tort claim advanced by plaintiff for lack of subject matter jurisdiction.

Therefore, amendment to include the United States as a defendant would be futile, both because the FTCA does not waive sovereign immunity with respect to the types of claims raised by plaintiff, and because plaintiff has failed to exhaust his mandatory administrative remedies, which are a jurisdictional prerequisite to any waiver of sovereign immunity that the FTCA does contain.

### III. CONCLUSION

For all of the foregoing reasons, the Court should dismiss plaintiff's claims against the Federal Defendants, without leave to amend.

1 | DATED: July 17, 2007       Respectfully submitted,

2

3 | JOSEPH P. RUSSONIELLO
United States Attorney

4

5 | /s/ *James Scharf*

6 | JAMES A. SCHARF
Assistant United States Attorney

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FEDERAL DEFENDANTS' MOTION TO DISMISS
No. C 08 02909 HRL

7