1  Glenn H. Wechsler, State Bar No. 118456
   Lawrence D. Harris, State Bar No. 153350
2  LAW OFFICES OF GLENN H. WECHSLER
   1655 N. Main Street, Suite 230
3  Walnut Creek, California 94596
   Telephone: (925) 274-0200
4  Email: larry@glennwechsler.com

5  Attorneys for Defendants
   GMAC MORTGAGE, LLC and
6  EXECUTIVE TRUSTEE SERVICES, LLC

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11

12  GILBERTO FERNANDEZ, JR.,           )   CASE NO. C 08 02909 HRL
                                       )
13            Plaintiff,               )   **NOTICE OF MOTION AND**
                                       )   **MOTION TO DISMISS FOR**
14      vs.                            )   **FAILURE TO STATE A CLAIM;**
                                       )   **MEMORANDUM OF POINTS**
15  ALLIANCE BANCORP, et al.,          )   **AND AUTHORITIES; PROPOSED**
                                       )   **ORDER [FRCP 12(B)(6)]**
16            Defendants.              )
                                       )
17                                         Date:   October 7, 2008
                                           Time:   10:00 a.m.
18                                         Dept:   2
                                           Judge:  Magistrate Judge Howard R.
19                                                 Lloyd

20  TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

21

22  PLEASE TAKE NOTICE that on October 7, 2008, at 10:00 a.m. or as soon thereafter as the

23  matter may be heard, in Department 2 of the above-entitled Court, located at 280 South First Street, San

24  Jose, California, Defendants GMAC MORTGAGE, LLC ("GMAC") and EXECUTIVE TRUSTEE

25  SERVICES, LLC ("ETS")(hereinafter collectively "Defendants") will move the Court pursuant to Fed.

26  Rule of Civ. Proc. 12(b)(6) for an order dismissing plaintiff's Second Amended Petition ("Petition") and

27  all claims against Defendants therein *with prejudice*.

28

1     The grounds for this motion are that Plaintiff has failed to state a claim under Fed. Rule Civ. Proc. 12(b)(6) and that the defects in the complaint are such that the defects are incurable and the complaint is incapable of amendment; that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief; and that therefore the Petition, and the claims against Defendants therein contained, should be dismissed with prejudice.

    The motion will be based on this notice, the memorandum of points and authorities, the Court's files and records herein and such other and further matters as may be presented to the Court prior to or at hearing on this matter.

    Defendants hereby consent to the assignment of a U. S. Magistrate Judge for all purposes, including adjudication of this motion.

DATED: July 24, 2008              LAW OFFICES OF GLENN H. WECHSLER

By: _____
LAWRENCE D. HARRIS

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

## I. INTRODUCTION

Plaintiff/Petitioner GILBERTO FERNANDEZ JR. ("Plaintiff") seeks in this action to set aside a private, non-judicial trustee sale pursuant to a deed of trust executed by Plaintiff and authorized under Cal. Civil Code § 2924 *et seq.* Defendant GMAC MORTGAGE, LLC ("GMAC") is a former mortgage loan servicer for the promissory note and loan secured by the subject deed of trust, and Defendant EXECUTIVE TRUSTEE SERVICES, LLC ("ETS") was the trustee under the deed of trust that conducted the foreclosure sale. Plaintiff admits that he is in default under the subject promissory note and deed of trust and does not deny that there was a *bona fide* default thereunder; nor does he allege any statutory defect in the conduct of the trustee sale itself. Instead, Plaintiff advances the patently absurd argument that the sale is invalid because the subject mortgage loan was of paper money or "Federal Reserve Notes" which Plaintiff asserts are without value or are worth substantially less than the face amount thereof. Plaintiff cannot state any claim under this theory, which is obviously frivolous on its face. Furthermore, under California law [which must be applied in this diversity action], Plaintiff cannot set aside the trustee sale without alleging a defect in the sale [such as, for example, failure to send required notices] or without making a tender of the amount due. GMAC is a former loan servicer for the subject loan but did not fund the loan and never acquired an interest in the property or the deed of trust by assignment or otherwise. Furthermore, ETS is shielded under California law from any asserted liability arising from its official acts as trustee under the deed of trust. Neither defendant owes Plaintiff any duty or breached any duty, and neither is in a position to return any consideration or cancel any instruments, as neither was a lender or beneficiary of the deed of trust. This action is frivolous, and Plaintiff cannot prove any set of facts which would entitle him to relief, and the Second Amended Petition should therefore be dismissed *with prejudice.*

## II. STATEMENT OF FACTS

Plaintiff is the former owner of real estate located in Santa Clara County, California, and commonly known as 1461 Burrows Road, Campbell, California 95008 ("Property") [Petition ¶18].

1   Plaintiff on or about August 23, 2006 executed a promissory note secured by a deed of trust in favor of
2   defendant ALLIANCE BANCORP ("ALLIANCE") in the amount of $1,000,000.00 ("Deed of Trust").
3   [Petition ¶19]. ALLIANCE transferred the servicing rights under the promissory note to GMAC on or
4   about October 25, 2006. [Petition ¶22]. GMAC transferred such servicing rights to Defendant NCC
5   SERVICING LLC ("NCC") in April 2007, which were in turn transferred to Defendant GRAYSTONE
6   SOLUTIONS, INC. ("GRAYSTONE") in June 2007. [Petition ¶¶23-34]. ETS was appointed successor
7   trustee under the Deed of Trust. [Petition ¶90]. Plaintiff ceased making payments on the promissory
8   note, and has not made a payment since November 2007 [Petition ¶ 21]. ETS caused a Notice of
9   Default and Election to Sell to be recorded on or about February 14, 2007, commencing a private trustee
10  sale proceeding under Cal. Civil Code § 2924 *et seq.* A Notice of Trustee Sale was posted, published
11  and recorded under California law on or about May 15, 2007. Plaintiff received copies of both the
12  Notice of Default and the Notice of Trustee Sale [Petition ¶ 25, 26]. The Property was sold on or about
13  April 22, 2008, and a Trustee's Deed Upon Sale was recorded on or about April 30, 2008 [Petition ¶ 27].
14  This action was commenced after the purchaser of the Property commenced an unlawful detainer
15  proceeding. [Petition ¶¶28-29].

16  **III.    LEGAL ARGUMENT**

17        **A.    The Motion should be granted without leave to amend, as Plaintiff cannot
18              state a claim under any theory.**

19      Fed. Rule of Civ. Proc. 12(b)(6) provides for dismissal if Plaintiff "fails to state a claim upon
20  which relief can be granted." The traditional standard for such motions is that a complaint should not be
21  dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his
22  claim which would entitle him to relief." *Housley v. U. S.* (9th Cir. Nev. 1994) 35 F.3d 400, 401, citing
23  *Conley v. Gibson* 335 U.S. 41, 45-46 (1957). In this case, the Petition is rambling and incoherent, and
24  does not include "a short and plain statement" of the basis for relief and therefore violates Fed. Rule Civ.
25  Proc. 8(a). However, the entire basis for Plaintiff's claims appears to be that "paper money" is valueless
26  and that any transaction in paper money, such as the mortgage loan transaction at issue here, is
27  fraudulent and voidable or void. Plaintiff, for example, alleges that

28

> "... a debt can no longer be paid but merely discharged as a matter of law. Meaning, Federal Reserve Notes have no intrinsic value... When Petitioner applied for the loan and was funded on the loan, he understood and believed that the was being loaned "money," meaning money of exchange that was redeemable and had intrinsic value; when in reality he was purchasing credit through the Federal Reserve... It was never disclosed to Petitioner that the Mortgage Company, when it loaned "money"... put up no more than 8% of the total funds that were proffered."

[Petition ¶¶47-49].

A motion to dismiss admits all well pleaded facts, but does not admit facts which the court will judicially notice as not being true. *Interstate Natural Gas Co. v. Southern California Gas Co.* (9th Cir. Cal. 1953) 209 F.2d 380, 384. It should be apparent that Plaintiffs' claims as to the invalidity of paper money are frivolous and absurd and that Plaintiff has no chance of proving any "set of facts in support of his claim which would entitle him to relief." *Housley, supra*. This court could not find in Plaintiff's favor without finding that all financial transactions in the United States are based upon a worthless currency, and the entire U. S. banking system is based upon a fraud. Leave to amend should be denied where it is absolutely clear that a *pro se* plaintiff is incapable of pleading new facts that would overcome the deficiencies of the complaint. *Lucas v. Dept. of Corrections,* 66 F.3d 245, 248 (9th Cir. 1995). Sufficient grounds exist for the court to find that Plaintiff cannot possibly succeed on the merits of his claims, which are frivolous in the extreme, and therefore the Petition should be dismissed *with prejudice.*

### B.    Plaintiff cannot attack the foreclosure sale under California law.

A federal court sitting in diversity applies the substantive law of the forum state. *Eternity Global Master Fund Ltd. v Morgan Guar. Trust Co. of N.Y.* (2nd Cir. 2004) 375 F.3d 168. Under California law, Plaintiff cannot state a claim or cause of action to set aside the foreclosure sale, as Plaintiff has not alleged that either defendant did anything wrong in connection with the foreclosure proceedings. Plaintiff has not alleged any failure to strictly follow the foreclosure statutes that would give rise to a cause of action to set aside the sale. He admits defaulting on the subject promissory note [Petition ¶ 21], and therefore that there was a *bona fide* default and that the Notice of Default was not improper.

In order to attack a foreclosure sale, a debtor must offer to do equity by making a tender or otherwise offering to pay his debt. (*MCA, Inc. v. Universal Diversified Enterprises Corp.* (1972) 27 Cal.App.3d 170, 177 [103 Cal.Rptr. 522]; *Karlsen v. American Sav. & Loan Assn.* (1971) 15 Cal.App.3d 112, 117 [92 Cal.Rptr. 851].) Plaintiff failed to tender the amount due under the note, and has failed to tender, or make an offer of tender, of those amounts in seeking to rescind the sale. Plaintiff has failed to state a claim to set aside the foreclosure sale and therefore the Petition should be dismissed *with prejudice*.

### C. ETS is shielded from any liability by California's "litigation privilege."

Defendant ETS is sued herein in its capacity of the trustee of the Deed of Trust. However, its acts as trustee are privileged. The litigation privilege of *Civil Code* §47 to encompasses performance of any of the procedures involved in a non-judicial foreclosure. *Civil Code* § 2924(d) provides as follows:

> "(d) All of the following shall constitute privileged communications pursuant to Section 47:
>   (1) The mailing, publication, and delivery of notices as required by this section.
>   (2) Performance of the procedures set forth in this article.
>   (3) Performance of the functions and procedures set forth in this article if those functions and procedures are necessary to carry out the duties described in Sections 729.040, 729.050, and 729.080 of the Code of Civil Procedure."

Encompassed within "this article" are the various procedures in the non-judicial foreclosure process including the procedures for substitution of trustee [Section 2934a], for the posting and publication of the notices of default and sale [Section 2924b], and for the trustee's sale [Section 2924g]. Therefore, the performance of any of the procedures set forth in these provisions regulating the non-judicial foreclosure process are deemed privileged communications subject to the litigation privilege set forth in *Code of Civil* Procedure § 47. The effect of the litigation privilege is that it bars any tort action based on a protected communication.

> For well over a century, communications with "some relation" to judicial proceedings have been absolutely immune from tort liability by the privilege codified as section 47 (b). At least since then-Justice Traynor's opinion in *Albertson v. Raboff*, (1956) 46 Cal.2d 375 [295 P.2d 405], California courts have given the

> privilege an expansive reach. Indeed, as we recently noted, "the only exception to [the] application of section 47(2) [now section 47(b)] to tort suits has been for malicious prosecution actions. [Citations]." (*Silberg v. Anderson, supra,* 50 Cal.3d at p. 216 (*Silberg*).)

*Rubin v. Green* (1993) 4 Cal. 4th 1187, 1193-1194.

The absolute privilege of *Civil Code § 47*, subdivision (b) applies to all torts other than malicious prosecution. *Edwards v. Centex Real Estate Corp.* (1997) 53 Cal.App.4th 15, 29 [61 Cal.Rptr.2d 518].) Therefore, ETS's acts are privileged, and any and all causes of action against ETS are barred as a matter of law.

### D. Plaintiff cannot state a claim for fraud against GMAC, and has failed to do so.

Plaintiff has failed to state a claim for fraud against Defendant GMAC. Under F.R.C.P. 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." Under California law, to state a cause of action for fraud, Plaintiff must allege each and every element of fraud, both factually and specifically, to establish a fraud and deceit claim. Plaintiff has failed to do so. The essential allegations for a fraud and deceit claim are false representation as to a material fact, knowledge of its falsity, intent to defraud, justifiable reliance and resulting damage. ***"The absence of any one of these elements will preclude recovery."*** (*Wilhelm v. Pray, Price, Williams & Russell*, (1986) 186 Cal.App.3d 1324, 1332.) It is well settled that a fraud and deceit cause of action is subjected to a strict pleading standard because of its nature as a serious attack upon a defendant's character. (*Committee on Children's Television, Inc. v. General Foods Corp.*, (1983) 35 Cal.3d 197, 216.) ***Every element*** of fraud must be alleged in full, factually and specifically. The policy of liberal construction of pleading will ***not*** be invoked to sustain a pleading defective in any material respect. (*Wilhelm v. Pray, Price, Williams & Russell, supra,* 186 Cal.App.3d 1324, 1332, emphasis added.) With respect to the element of misrepresentation, "[t]his particularity requirement necessitates pleadings facts which 'show how, when, where, to whom, and by what means the representations were tendered.'" (*Stansfield v. Starkey*, (1990) 220 Cal.App.3d 70, 74.)

///

Plaintiff alleges that GMAC ".... represented that they were not going to fund the loan ... did not in fact loan money to Petitioner...[because] under the current monetary system of the USA, the lender loans no money to the borrower as alleged in the loan application or loan documents." [Petition ¶88]. These allegations fail because (1) they are contradicted by the pleading itself, as GMAC could not have lent money as GMAC is only a loan servicer and not a lender; and (2) the allegations as to the invalidity of paper money can be and must be disregarded as frivolous. Without *specific* allegations of specific facts to show misrepresentation and falsity *by GMAC*, Plaintiffs' cause of action for fraud must fail *as a matter of law*. (See, BAJI No. 12.31; *Wilhelm v. Pray, Price, Williams & Russell, supra*, 186 Cal.App.3d at p. 1331.) The motion should be granted and the case dismissed *with prejudice*.

### E.  Plaintiff cannot state a claim for cancellation of instrument and has failed to do so.

To state a cause of action for cancellation of instrument, a plaintiff must allege a "reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable..." Civil Code § 3412. Plaintiff's causes of action for cancellation of the note and deed of trust are not viable, as (1) neither of defendants is a holder of the note, or beneficiary of the deed of trust; and (2) deed of trust has already been foreclosed. [Petition ¶ 27]. A non-judicial foreclosure sale under a deed of trust is deemed complete upon "the fall of the hammer" and is deemed final "upon the acceptance of the last and highest bid..." Cal. Civil Code § 2924h(c). "Furthermore, once the bidding ends, the trustor has no redemption rights. Since the trustor's rights under the security instrument are cut off, it follows that his obligations under the promissory note likewise cease to exist." *Ballengee v. Sadlier*, (1986) 179 Cal.App.3d 1, 5. As the Deed of Trust and the promissory note secured thereby have been extinguished by sale of the Property, there is nothing left to cancel or rescind. The only manner of effecting rescission in California is statutory, under Civil Code § 1691 *et seq. See Runyan v. Pacific Air Industries, Inc.*, (1970) 2 Cal.3d 304, 312-313. Civil Code § 1691 provides in part:

> Subject to Section 1693, to effect a rescission a party to the contract must, promptly upon discovering the facts which entitle him to rescind if he is free from duress, menace, undue influence or disability and is aware of his right to rescind:
> (a) Give notice of rescission to the party as to whom he rescinds;

and
(b) Restore to the other party everything of value which he has received from him under the contract or offer to restore the same upon condition that the other party do likewise, unless the latter is unable or positively refuses to do so.

Plaintiff is seeking rescission and/or cancellation of the Deed of Trust and the promissory note secured thereby even though those instruments are either fully executed or indeed extinguished by virtue of the trustee sale. Plaintiff does not meet the statutory grounds for rescission recited above. Furthermore, Plaintiff has not restored or offered to "restore to the other party everything of value which [s]he has received" by tendering or offering to tender the amount due under the Deed of Trust and the promissory note secured thereby. Rescinding the promissory note and deed of trust without returning the consideration would not restore the parties to *status quo ante*. Furthermore, neither defendant is a proper party to a rescission or cancellation claim, as neither of defendants is a holder of the note, or beneficiary of the deed of trust. Therefore, Plaintiff has not and cannot state a claim for rescission or cancellation, and the motion to dismiss should be granted *with prejudice*.

    **F. Plaintiff cannot state a claim under "Civil RICO" and has failed to do so.**

Plaintiff has not stated a claim under "Civil RICO." The pleading standards for such a cause of action are as follows:

> To establish a civil RICO claim, plaintiffs must plead (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity [citation]. A pattern of racketeering activity requires the commission within a ten-year period of *at least two predicate acts* that violated laws listed in 18 U.S.C. § 1961(1); these acts must be related and amount to, or threaten the continued likelihood of, continued criminal activity [citation]."

> [*Center Cadillac, Inc. v. Bank Leumi Trust Co. of N.Y.* (1994) 859 F.Supp 97, 101].

Plaintiff has not met this standard; nor has he alleged that Defendants have committed any crime, or are "subject to indictment." *Gervase v. Sup. Ct.* (1995) 31 Cal.App.4th 1218, 1230. Neither has Plaintiff alleged an "enterprise" as required by the statute:

> To prevail on a RICO claim, the plaintiffs must be able to prove both the existence of an enterprise and a pattern of racketeering activity within the enterprise. *Atlas Pile Driving Co. v. DiCon*

*Financial Co.*, 886 F.2d 986, 993-96 (8th Cir. 1989). An enterprise, as contemplated by RICO, has three essential characteristics: A common or shared purpose, some continuity of structure and personnel, and an ascertainable structure distinct from that inherent in a pattern of racketeering. *Stephens, Inc. v. Geldermann, Inc.*, 962 F.2d 808, 815 (8th Cir. 1992). The third characteristic, that of a distinct structure, requires that the common activities of the enterprise extend beyond the minimal association necessary to sustain the pattern of racketeering. *Id.* at 815-16. That each member of a group carries on activities distinct from the pattern of racketeering is insufficient; the group as a whole must have a common link other than the racketeering activity.
*McDonough v. National Home Ins. Co.* (8th Cir. 1997) 108 F.3d 174, 177.

Furthermore, the U. S. Supreme Court has ruled that in order for liability to lie under RICO, "one must participate in the operation or management of the enterprise itself." *Reves v. Ernst & Young* (1993) 507 U. S. 170, 185. Plaintiff has not pled the necessary elements of a cause of action under RICO that an "enterprise" exists, that Defendants have participated or are participating in the operation and/or management thereof, or that they have committed any criminal act or are "subject to indictment." The RICO claim fails, and the motion to dismiss should be granted and the case should be dismissed *with prejudice*.

### G. Plaintiff's claims for breach of contract, failure of consideration, ultra vires, indefiniteness of contract, usury and unconscionability fail because neither defendant is a party to any contract with Plaintiff.

To allege a breach of contract under California law, Plaintiff must show: 1) the existence of a contract; 2) Plaintiff's performance or excuse from performance; 3) breach by the Defendants; and 4) damage resulting from Defendant's breach. (*Reichert v. General Insurance Company, Inc.*, (1968) 68 Cal. 2d 822; *See also*, 4 Witkin, California Procedure, 3rd ed. (1985), Pleading, § 464, p. 504.) A written contract is generally pleaded by alleging the making of the contract, and then setting forth verbatim ("in haec verba") in the body of the complaint the relevant terms of the contract, or by attaching a copy to the complaint and incorporating the terms therein. (*Wise v. Southern Pacific Co.* (1963) 223 Cal.App. 2d 50; *Bates v. Daley's* (1935) 5 Cal.App.2d 95, 101.) In *Gilmore v. Lycoming Fire Ins. Co.*, (1880) 55 Cal. 123, 124, the court stated that: "[w]hen a party relies upon a contract in

writing, and it affirmatively appears that all the terms of the contract is not set forth *in haec verba*, nor stated in his legal effect, but that a portion which may be material has been omitted, the complaint is insufficient." (*Ibid.*) In this case, Plaintiff only alleges that GMAC is a former servicer of the note and Deed of Trust, and ETS was the trustee of the Deed of Trust. Plaintiff has failed to allege [and in fact cannot allege] that he entered into *any contract* with Defendants. Therefore, all of Plaintiff's contract claims must fail, and the Petition should be dismissed with prejudice.

### IV. CONCLUSION

Plaintiff's claims are based entirely on an untenable theory – that paper money has no intrinsic value, and that the promissory note and deed of trust, and therefore the trustee sale proceeding, are void or voidable. Other than this outlandish theory, there is no other basis for relief alleged. There are no allegations of any defect in the conduct of the foreclosure proceeding itself. Plaintiff cannot succeed under these facts and this theory and "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Housley, supra.* The motion should be granted, and this case should be dismissed *with prejudice*.

DATED: July 24, 2008                         LAW OFFICES OF GLENN H. WECHSLER

                                             By: _____
                                                 LAWRENCE D. HARRIS

E:\Larry\GMAC\Fernandez\Notice of Motion to Dismiss.doc