1  JEFFREY B. GARDNER, ESQ. (BAR NO. 115648)
   CATHY A. KNECHT, ESQ. (BAR NO. 226275)
2  BARRY GARDNER & KINCANNON
   A PROFESSIONAL CORPORATION
3  5000 BIRCH STREET, SUITE 420
   NEWPORT BEACH, CA 92660
4  PHONE: (949) 851-9111     FAX: (949) 851-3935

5  ATTORNEYS FOR DEFENDANTS
   GRAYSTONE SOLUTIONS, INC.; CONSUMER
6  SOLUTIONS REO, LLC; and FIRST AMERICAN
   TITLE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO FERNANDEZ JR., | CASE NO. C08-02909-HRL |
| Plaintiff, | DEFENDANTS GRAYSTONE SOLUTIONS, INC., CONSUMER SOLUTIONS REO, LLC, AND FIRST AMERICAN TITLE COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND-AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6) OR IN THE ALTERNATIVE MOTION FOR DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| v. | |
| ALLIANCE BANCORP; GMAC MORTGAGE; NCC SERVING, LLC; GRAYSTONE SOLUTIONS, INC.; EXECUTIVE TRUSTEE SERVICES, LLC; CONSUMER SOLUTIONS REO, LLC; FIRST AMERICAN TITLE COMPANY; SELECT PORTFOLIO SERVICING, INC.; HENRY M. PAULSON, JR., SECRETARY OF THE TREASURY, UNITED STATES; and MICHAEL B. MUKASEY, U.S. ATTORNEY GENERAL, as ALIEN PROPERTY CUSTODIAN, | |
|  | Judge: Hon. Howard R. Lloyd |
|  | Date:  October 7, 2008
Time:  10:00 a.m.
Room:  2 |
| Defendants. | |

TABLE OF CONTENTS

NOTICE................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES............................. 2

I. INTRODUCTION AND FACTUAL BACKGROUND. ................... 2

II. A MOTION TO DISMISS IS PROPER WHEN PLAINTIFF HAS FAILED TO PLEAD A CLAIM UNDER WHICH RELIEF MAY BE GRANTED. ............................................... 4

III. PLAINTIFF CANNOT STATE A CLAIM FOR RESCISSION............. 5

IV. PLAINTIFF CANNOT STATE A CLAIM TO SET ASIDE THE FORECLOSURE SALE AND CANCEL THE RELEVANT FORECLOSURE INSTRUMENTS............................... 7

V. PLAINTIFF CANNOT STATE A CLAIM FOR FRAUD................. 10

VI. PLAINTIFF CANNOT STATE A CLAIM FOR QUIET TITLE. ........... 10

VII. PLAINTIFF CANNOT STATE A CLAIM FOR ANY OTHER CLAIM FOR RELIEF.......................................... 11

VIII. A MOTION FOR MORE DEFINITE STATEMENT SHOULD BE GRANTED. ......................................... 12

IX. CONCLUSION................................................ 13

i

DEFENDANTS NOTICE OF MOTION AND MOTION TO
DISMISS SECOND-AMENDED COMPLAINT PURSUANT
TO FRCP 12(b)(6) OR IN THE ALTERNATIVE MOTION
FOR DEFINITE STATEMENT                    CASE NO. C08-02909-HRL

# TABLE OF AUTHORITIES

Federal Authorities

15 USC 1635(a)........................................................... 5, 6

15 USC 1635(e)(1)........................................................ 5

Federal Rule of Civil Procedure, Rule 9(b)................................ 6, 8, 10

Federal Rule of Civil Procedure, Rule 12(b)............................... 4

Federal Rule of Civil Procedure, Rule 12(b)(6)............................ 1, 4, 5

Federal Rule of Civil Procedure, Rule 12(e)............................... 1, 12

Federal Rule of Civil Procedure, Rule 12(g)(h)............................ 4

Federal Cases

*Balistreri v. Pacifica Police Dept.*, 901 F2d 696, 699 (9th Cir. 1990)........ 4

*Cahill v. Liberty Mut. Ins. Co.*, 80 F3d 336, 337-338 (9th Cir. 1996)......... 5

*Cellars v. Pacific Coast Packaging, Inc.* (ND CA 1999) 189 FRD 575, 578...... 12

*Concha v. London*, (9th Cir. 1995) 62 F3d 1493, 1502-1503................... 8, 10

*Conley v. Gibson*, 355 US 41, 45-46 (1957)................................. 4

*De La Cruz v. Tormey* 582 F2d 45, 48 (9th Cir.1978)........................ 4

*Desaigoudar v. Majercord,* (9th Cir. 2000) 223 F3d 1020.................... 6, 8, 10

*Famolare, Inc. v. Edison Bros. Stores, Inc*. (ED CA 1981) 525 F.Supp. 940, 949. 12

*Harrison v. Westinghouse Savannah River Co.*, (4th Cir. 1999) 176 Fd 776, 784. 8

*Moore v. Brewster*, (9th Cir. 1996) 96 F3d 1240, 1245-1246................. 6

*Tuchman v. DSC Communications Corp.*, (5th Cir. 1994) 14 F3d 1061, 1067..... 8, 10

*Vess v. Ciba-Geigy Corp. USA,* (9th Cir. 2003) 317 F3d 1097, 1105........... 8, 10

ii

DEFENDANTS NOTICE OF MOTION AND MOTION TO
DISMISS SECOND-AMENDED COMPLAINT PURSUANT
TO FRCP 12(b)(6) OR IN THE ALTERNATIVE MOTION
FOR DEFINITE STATEMENT                           CASE NO. C08-02909-HRL

<u>State Authorities</u>

California Code of Civil Procedure §761.020. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

<u>State Cases</u>

*Allen v. Ramsay* (1960) 179 Cal.App.2d 843, 848, 4 Cal.Rptr. 575. . . . . . . . . . . . . 6, 8, 10

*Engalla v. Permanente Med. Group, Inc.*, (1997) 15 C4th 951, 979. . . . . . . . . . . . . . . . 6

*Miller v. Cote,* (1982) 127 CA3d 888. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Woodson v. Winchester* (1911) 16 Cal.App. 472, 473, 117 P. 565. . . . . . . . . . . . . 6, 8, 10

DEFENDANTS NOTICE OF MOTION AND MOTION TO
DISMISS SECOND-AMENDED COMPLAINT PURSUANT
TO FRCP 12(b)(6) OR IN THE ALTERNATIVE MOTION
FOR DEFINITE STATEMENT                                           CASE NO. C08-02909-HRL

shallow

1  TO PLAINTIFF AND HIS ATTORNEY OF RECORD, IF ANY:

2  PLEASE TAKE NOTICE that on September 2, 2008, at 10:00 a.m. or as soon
3  thereafter as the matter may be heard in the above-entitled court, located at 280 S. First
4  Street, #2112, San Jose, California, Defendants GRAYSTONE SOLUTIONS, INC.
5  ("GRAYSTONE"), CONSUMER SOLUTIONS REO, LLC ("CONSUMER"), and
6  FIRST AMERICAN TITLE COMPANY ("FIRST AMERICAN") (GRAYSTONE,
7  FIRST AMERICAN and CONSUMER are hereinafter collectively referred to as
8  "Defendants") will move to dismiss the action pursuant to FRCP 12(b)(6) because
9  plaintiff's Second–Amended Complaint ("Amended complaint" and/or "complaint") fails
10 to state a claim upon which relief can be granted on the ground that plaintiff's complaint
11 is completely unintelligible, illogical and nonsensical and thus, fails to state any
12 cognizable legal theory.  Defendants alternatively move this court for a Motion for More
13 Definite Statement pursuant to FRCP 12(e) requiring Plaintiff to replead his complaint.
14 Defendants hereby submit their Memorandum of Points and Authorities in Support of
15 their Motion to Dismiss Plaintiff's Second-Amended Complaint against these Defendants
16 or alternatively, their Motion for More Definite Statement pursuant to Federal Rules of
17 Procedure Rules 12(b)(6) and 12(e).

19 BARRY, GARDNER & KINCANNON
   A Professional Corporation

21 Dated: July 25, 2008           By:    /s/ Jeffrey B. Gardner
                                         Jeffrey B. Gardner, Esq.
22                                       Cathy A. Knecht, Esq.
23                                       Attorneys for Defendants,
                                         GRAYSTONE SOLUTIONS, INC.;
24                                       CONSUMER SOLUTIONS REO, LLC; and
                                         FIRST AMERICAN TITLE COMPANY
25

26 H:\1169\0004\Pleadings\MTD (Graystone, Consumer Sol, FirstAm) F 07'25'08\Ntc and Motion to Dismiss.wpd

1

DEFENDANTS NOTICE OF MOTION AND MOTION TO
DISMISS SECOND-AMENDED COMPLAINT PURSUANT
TO FRCP 12(b)(6) OR IN THE ALTERNATIVE MOTION
FOR DEFINITE STATEMENT                                    CASE NO. C08-02909-HRL

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND FACTUAL BACKGROUND

### Introduction

This action is yet another attempt by plaintiff to avoid liability for his loans, in the amount of $1,250,000, which were secured by the subject property. Not only has Plaintiff failed to make any payments on the subject loans since July 2006, but Plaintiff has also sought Bankruptcy Court protection in 2007 and 2008 to prevent the foreclosure sale of the subject property. Plaintiff's bankruptcy filings were dismissed due to plaintiff's failure to comply with the Bankruptcy Rules.[1] After the plaintiff's latest bankruptcy petition was dismissed by the Bankruptcy Court, the subject property was foreclosed upon and transferred to defendant CONSUMER via a Trustee's Deed Upon Sale. Now, plaintiff brings the instant action apparently alleging, among other things, that since the United States is bankrupt, plaintiff never received consideration, i.e. the Silver Dollar, for the subject loans/deeds of trust. This is nonsensical and not proper grounds for an action against defendants.

Plaintiff has brought this action alleging a myriad of wrongs by defendants with no logic, rhyme or reason to the allegations. In some instances, the allegations are merely sensational words strung together that make no sense. Plaintiff appears to be questioning the national government and the national monetary system by his nonsensical references to himself as a "corporate entity defined as a United States Vessel," stating that the federal government has been in Bankruptcy since 1933, and alleging that he purchased "credit" from the Federal Reserve, and that the defendants failed to lend him Legal Tender Dollars in the form of Silver Coin. (Amended complaint, page 7-8). Although

---

[1] Specifically, defendants are informed and believe that plaintiff filed for relief under the Bankruptcy Code on December 21, 2007, which was dismissed by the Court on February 24, 2008; and again on March 18, 2008, which was dismissed by the Court on April 7, 2008. Additionally, pursuant to webPACER, plaintiff also filed for relief under Chapter 13 of the Bankruptcy Code on April 22, 2008, the date of the subject foreclosure sale, and said action was dismissed by the Court on May 12, 2008 for the plaintiff's failure to file his schedules or Chapter 13 Plan.

DEFENDANTS NOTICE OF MOTION AND MOTION TO
DISMISS SECOND-AMENDED COMPLAINT PURSUANT
TO FRCP 12(b)(6) OR IN THE ALTERNATIVE MOTION
FOR DEFINITE STATEMENT                    CASE NO. C08-02909-HRL

unclear, it seems that plaintiff is contending that since the federal government is in bankruptcy, he did not receive money from his loan, but rather negotiable instruments and/or credit. This is nonsensical, unintelligible, and does not support any claim for relief against these defendants.

The complaint also "appears" to be for cancellation of instruments, to set aside the foreclosure sale, fraud and quiet title, but throughout the document there is a plethora of ambiguous, unintelligible and superfluous claims, to wit: the complaint alleges the following claims "set aside foreclosure sale" (Amended complaint, page 8-9); "failure of consideration" (Amended complaint, pages 9-10); usury (Amended complaint, page 10), breach (Amended complaint, page 11); ultra vires (Amended complaint, page 12); indefiniteness of contract (Amended complaint, page 12), unconscionability (Amended complaint, page 12-13), fraud (Amended Complaint, page 13-15), breach and conversion under contract (Amended complaint, page 16), return promissory note for cancellation (Amended complaint, page 16), return deed of trust for cancellation (Amended complaint, page 16), "cause of action following trust property into its product" (Amended complaint, page 17), and finally, civil RICO (Amended complaint, page 17-18).

**Factual Background**

Plaintiff alleges that on August 23, 2006, he contracted with defendant Alliance Bancorp for a loan of money in the amount of One Million Dollars for the first loan, and Two-Hundred and Fifty Thousand Dollars for the second loan, presumably secured by the real property located at 1461 Burrows Road, Campbell, CA (the "subject property"). (Amended complaint, page 5, para 19). Alliance Bancorp's interests in the loans (and corresponding deeds of trust securing repayment of the loans to the subject property) were subsequently transferred to GMAC Mortgage, NCC Serving, LLC and then to GRAYSTONE. (Amended complaint, page 5, para 22-24). Plaintiff does not set forth if the subject loans were used to purchase the subject property, or how his interest in the subject property arose. (Amended complaint, page 5).
///

3

1     On or about February 14, 2007, Plaintiff received a notice of default on the subject
2 loans. (Amended complaint, page 5, para 25). On May 15, 2007, Plaintiff received a
3 Notice of Trustee's Sale (Amended complaint, page 5, para 26), and on April 22, 2008
4 the subject property was transferred via a trustee's sale to the highest bidder,
5 CONSUMER. (Amended complaint, page 6, para 27). Plaintiff also alleges that he
6 "never understood that, nor received any consideration" for the trustee's deed. (Amended
7 complaint, page 6, para 31). Plaintiff also appears to allege that he "believed he was
8 being loaned money...when in reality he was purchasing credit from the Federal Reserve,
9 through the lender, in the form of Negotiable Instruments, or specifically, Federal
10 Reserve Notes." (Amended complaint, page 7, para 31). Thus, Plaintiff brings the
11 instant action to, apparently, rescind the subject Promissory Notes and Deeds of Trust
12 and set aside the foreclosure sale.

13 **II.**    **A MOTION TO DISMISS IS PROPER WHEN PLAINTIFF HAS FAILED**
14        **TO PLEAD A CLAIM UNDER WHICH RELIEF MAY BE GRANTED**

15     Federal Rule of Civil Procedure ("FRCP"), Rule 12(b) provides, in pertinent part,
16        "the following defenses may at the option of the pleader be
17        made by motion: ...(6) failure to state a claim upon which relief
18        can be granted."

19     A complaint can be attacked at any time on the ground that it fails to state a claim
20 for relief. FRCP, Rule 12(g)(h). A Rule 12(b)(6) motion is similar to the common law
21 general demurrer because it "tests the legal sufficiency of the claim or claims stated in the
22 complaint." <u>Conley v. Gibson</u>, 355 US 41, 45-46 (1957). The Court must decide
23 whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy. <u>Id</u>.
24 See also, <u>De La Cruz v. Tormey</u> 582 F2d 45, 48 (9th Cir.1978).
25     A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable
26 legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."
27 <u>Balistreri v. Pacifica Police Dept</u>., 901 F2d 696, 699 (9th Cir. 1990). In resolving a Rule
28 12(b)(6) motion, the Court must (1) construe the complaint in the light most favorable to

4

DEFENDANTS NOTICE OF MOTION AND MOTION TO
DISMISS SECOND-AMENDED COMPLAINT PURSUANT
TO FRCP 12(b)(6) OR IN THE ALTERNATIVE MOTION
FOR DEFINITE STATEMENT                       CASE NO. C08-02909-HRL

the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. Cahill v. Liberty Mut. Ins. Co., 80 F3d 336, 337-338 (9th Cir. 1996).

In the instant case, as set forth in more detail herein, Plaintiff cannot state a claim for any cause of action, even for quiet title. Accordingly, Defendants' Motion to Dismiss pursuant to FRCP Rule 12(b)(6) is proper and should be granted.

### III.  PLAINTIFF CANNOT STATE A CLAIM FOR RESCISSION

In his Complaint, Plaintiff apparently seeks to rescind the Promissory Note and Deed of Trust apparently for failure of consideration. The bulk of Plaintiff's complaint stems from the argument that defendants "provided no more than a promise to pay the substance of value, which is known as Legal Tender, by issuing a promise to pay said Legal tender through the issuance of Negotiable Instruments." (Amended complaint, page 10). The moving defendants submit that this argument is nonsensical, unintelligible and seems to question the national monetary system, which of course cannot support any claims for relief against these Defendants.

Moreover, while it is unclear, precisely, what Plaintiff is alleging, it appears that plaintiff is attempting to rescind the loan documents and deeds of trust pursuant to 15 USC 1635(a).

15 USC 1635(a) provides for rescission of a credit transaction:

> [I]n the case of any consumer credit transaction...in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later....

However, such a right of rescission does not apply to a residential mortgage transaction. 15 USC 1635(e)(1). Plaintiff alleges he signed loan agreements in and around August 23, 2006 which were secured by the subject property, his residence

5

DEFENDANTS NOTICE OF MOTION AND MOTION TO
DISMISS SECOND-AMENDED COMPLAINT PURSUANT
TO FRCP 12(b)(6) OR IN THE ALTERNATIVE MOTION
FOR DEFINITE STATEMENT                                              CASE NO. C08-02909-HRL

(Amended complaint, page 5-6). Thus, it appears that the transaction Plaintiff is attempting to rescind was a residential mortgage transaction. Therefore, such a transaction is exempt from rescission pursuant to 15 USC 1635(a).

Plaintiff has failed to set forth any other facts that set forth how 15 USC 1635(a) applies. Thus, it is clear that the instant transactions do not give rise to a right to rescind pursuant to 15 USC 1635(a).

Plaintiff also appears to allege that he may rescind the subject loan transactions based on fraud. In a suit for rescission of a contract, the complaint must show some basis recognized by the law, such as fraud, mistake, or the like, on which rescission can be granted.[2] A defrauded party has the right to rescind a contract on establishing that fraudulent contractual promises inducing reliance have been breached. *Engalla v. Permanente Med. Group, Inc.*, (1997) 15 C4th 951, 979. The requisite elements to a tort cause of action for fraud and deceit are: (1) representation, (2) falsity, (3) knowledge of falsity, (4) intent to deceive, and (5) reliance which results in damage.[3]

Further, in all averments of fraud, the circumstances constituting fraud or mistake shall be stated *with particularity*. FRCP, Rule 9(b); *Moore v. Brewster*, (9th Cir. 1996) 96 F3d 1240, 1245-1246.

In the instant complaint, Plaintiff has not set forth any of the foregoing elements for a fraud claim, and has not pled his fraud claims with the required specificity. Rather, plaintiff has simply set forth conclusory allegations that Defendants acted fraudulently. Moreover, plaintiff's entire fraud claim appears to be on the premise that the U.S. is bankrupt, therefore he did not receive legal tender for the subject loans. (Amended complaint, pages 7-8).

///

---

[2] *Desaigoudar v. Majercord,* (9th Cir. 2000) 223 F3d 1020.

[3] *Woodson v. Winchester* (1911) 16 Cal.App. 472, 473, 117 P. 565; *Allen v. Ramsay* (1960) 179 Cal.App.2d 843, 848, 4 Cal.Rptr. 575.)

6

DEFENDANTS NOTICE OF MOTION AND MOTION TO
DISMISS SECOND-AMENDED COMPLAINT PURSUANT
TO FRCP 12(b)(6) OR IN THE ALTERNATIVE MOTION
FOR DEFINITE STATEMENT                                        CASE NO. C08-02909-HRL

Aside from plaintiff's contention that the U.S. is bankrupt, the following are the only allegations against these defendants:

1) Alliance Bancorp and its successors in interest, including GRAYSTONE, represented that they were going to fund the loan (Amended complaint, page 14, para 88);

2) Alliance Bancorp and its successors did not loan money to Plaintiff (Amended complaint, page 14, para 88);

3) Alliance Bancorp and its successors' representations were material...(Amended complaint, page 14, para 88).

Therefore, it is clear that plaintiff has failed to plead his fraud claims in that he has not set forth any actionable misrepresentations of the parties. The contention that the U.S. is bankrupt, and therefore the defendants misrepresented that they were funding the loans is not a basis recognized by law for a fraud claim. Further, plaintiff has failed to set forth his fraud allegations with the required specificity required by federal law. Thus, plaintiff is not entitled to rescind the relevant loan agreements and his claim for such relief fails as a matter of law.

## IV. PLAINTIFF CANNOT STATE A CLAIM TO SET ASIDE THE FORECLOSURE SALE AND CANCEL THE RELEVANT FORECLOSURE INSTRUMENTS

As set forth in plaintiff's complaint, the subject property was sold at a foreclosure sale and a Trustee's Deed Upon Sale has been recorded conveying title to the highest bidder, CONSUMER. After the completion of a foreclosure sale and the transfer of the property to the highest bidder, the sale may only be set aside on limited basis. See, *Miller v. Cote,* (1982) 127 CA3d 888. Specifically, statutorily deficient notice and fraud/deceit are grounds to set aside such a sale. *Miller v. Cote,* (1982) 127 CA3d 888. Plaintiff does not set forth any claims regarding defective notice of the trustee's sale in his complaint, and only alludes to fraud on behalf of defendants.

///

DEFENDANTS NOTICE OF MOTION AND MOTION TO
DISMISS SECOND-AMENDED COMPLAINT PURSUANT
TO FRCP 12(b)(6) OR IN THE ALTERNATIVE MOTION
FOR DEFINITE STATEMENT                                                                    CASE NO. C08-02909-HRL

As previously set forth herein, the requisite elements to a tort cause of action for fraud and deceit are: (1) representation, (2) falsity, (3) knowledge of falsity, (4) intent to deceive, and (5) reliance which results in damage.[4]

Federal courts require that fraud claims be pled with particularity because such a pleading ensures that a defendant has sufficient information to formulate a defense by providing adequate notice of both the nature and grounds of the claim; it reduces the number of frivolous suits brought solely to extract settlements; and it provides an increased measure of protection for a defendant's reputation.[5] Accordingly, the federal courts require that fraud must be pled with "a high degree of meticulousness."[6] Fraud averments failing to meet the Rule 9(b) standard are disregarded.[7]

As previously stated, plaintiff's entire fraud claim is on the premise that, since the U.S. is bankrupt, he did not receive consideration, i.e. the "Silver Dollar", for the subject loans. (Amended complaint, page 7-8). Plaintiff then appears to argue that, due to the bankrupt status of the U.S. and its monetary system, the defendants' representations that they would loan plaintiff *money* were fraudulent. (Amended complaint, page 8). Specifically, Plaintiff contends that GRAYSTONE used counterfeit securities to defraud plaintiff, and that the note and deed of trust are invalid because he did not receive consideration. (Amended complaint, page 8). Plaintiff further alleges (in a subsequent cause of action) that the defendants funded the loans, but did not give Plaintiff actual money. (Amended complaint, page 14). Plaintiff appears to allege that this equates to

---

[4] *Woodson v. Winchester* (1911) 16 Cal.App. 472, 473, 117 P. 565; *Allen v. Ramsay* (1960) 179 Cal.App.2d 843, 848, 4 Cal.Rptr. 575.)

[5] *Concha v. London*, (9th Cir. 1995) 62 F3d 1493, 1502-1503; *Harrison v. Westinghouse Savannah River Co.*, (4th Cir. 1999) 176 Fd 776, 784; *Tuchman v. DSC Communications Corp.*, (5th Cir. 1994) 14 F3d 1061, 1067.

[6] *FRCP, Rule 9(b); Desaigoudar v. Mayercord,* (9th Cir. 2000) 223 F3d 1020, 1022-1023.

[7] *Vess v. Ciba-Geigy Corp. USA,* (9th Cir. 2003) 317 F3d 1097, 1105.

8

DEFENDANTS NOTICE OF MOTION AND MOTION TO
DISMISS SECOND-AMENDED COMPLAINT PURSUANT
TO FRCP 12(b)(6) OR IN THE ALTERNATIVE MOTION
FOR DEFINITE STATEMENT                                                          CASE NO. C08-02909-HRL

fraud, although it is unclear exactly what actions Plaintiff is complaining of. However, this is not an actionable basis for fraud claims against these moving defendants.

Further, as previously discussed in the preceding section, Plaintiff has not pled his fraud claims with specificity. Rather, Plaintiff has simply set forth conclusory allegations that Defendants acted fraudulently. Specifically, plaintiff has not pled any representations that GRAYSTONE, CONSUMER or FIRST AMERICAN directly made to him, the person representing defendants that made those representations, or their authority to do so. In fact, plaintiff is merely lumping GRAYSTONE, as a successor in interest, into any representations Alliance Bancorp may have made. Further, plaintiff has not set forth any *actionable* misrepresentations that Alliance Bancorp made to him. Thus, plaintiff's fraud claims as to GRAYSTONE fail as a matter of law.

Further, as to defendants FIRST AMERICAN and CONSUMER, Plaintiff has failed to state any allegations directly against these defendants, other than the conclusory allegation that defendants, and each of them, "knowingly participated in fraud, and racketeering in a scheme to unlawfully take away plaintiff's property." (Amended complaint, page 6).

Moreover, even if plaintiff has pled, or did plead, his fraud claims with the required degree of particularity, the entire premise for his claims is based on the fact that the federal government is bankrupt. There are no other purported misrepresentations pled against the defendants. Further, the argument that plaintiff did not receive the "Silver Dollar" for the subject loans because the federal monetary system is bankrupt is nonsensical and not a proper basis for claims against these moving defendants.

Since Plaintiff has failed to set forth his fraud allegations as required by law, and because his challenge in regard to the national monetary system is nonsensical as to these moving defendants, his claims to set aside the foreclosure sale fail. Similarly, Plaintiff's claims to cancel the relevant Promissory Note, Deed of Trust and Trustee's Deed Upon Sale on the basis of fraud also fail.

///

9

DEFENDANTS NOTICE OF MOTION AND MOTION TO
DISMISS SECOND-AMENDED COMPLAINT PURSUANT
TO FRCP 12(b)(6) OR IN THE ALTERNATIVE MOTION
FOR DEFINITE STATEMENT                                              CASE NO. C08-02909-HRL

V.  **PLAINTIFF CANNOT STATE A CLAIM FOR FRAUD**

As set forth in the preceding sections, the requisite elements to a tort cause of action for fraud and deceit are: (1) representation, (2) falsity, (3) knowledge of falsity, (4) intent to deceive, and (5) reliance which results in damage.[8]  Further, federal courts require that fraud claims be pled with particularity,[9] and with "a high degree of meticulousness."[10]  Fraud averments failing to meet the Rule 9(b) standard are disregarded.[11]

Plaintiff has not set forth any *actionable* basis for a fraud claim against these defendants.  As has been discussed, plaintiff's entire claim for fraud is based on the assertion that the U.S. is bankrupt, and therefore plaintiff did not receive legal tender for the subject loans.  This is not a proper basis for a claim of fraud against these moving defendants.  Thus, defendants motion to dismiss should be granted without leave to amend.

VI. **PLAINTIFF CANNOT STATE A CLAIM FOR QUIET TITLE**

CCP 761.020 provides the elements required for pleading a claim for quiet title.  It provides:

> The complaint shall be verified and shall include all of the following:
>
> (b) The title of the plaintiff as to which a determination under this chapter is sought and the basis of the title. If the title is based upon adverse possession, the complaint shall allege the specific facts constituting the adverse possession.

---

[8] *Woodson v. Winchester* (1911) 16 Cal.App. 472, 473, 117 P. 565; *Allen v. Ramsay* (1960) 179 Cal.App.2d 843, 848, 4 Cal.Rptr. 575.)

[9] *Concha v. London*, (9th Cir. 1995) 62 F3d 1493, 1502-1503; *Harrison v. Westinghouse Savannah River Co.*, (4th Cir. 1999) 176 Fd 776, 784; *Tuchman v. DSC Communications Corp.*, (5th Cir. 1994) 14 F3d 1061, 1067.

[10] *FRCP, Rule 9(b); Desaigoudar v. Meyercord,* (9th Cir. 2000) 223 F3d 1020, 1022-1023.

[11] *Vess v. Ciba-Geigy Corp. USA,* (9th Cir. 2003) 317 F3d 1097, 1105.

10

DEFENDANTS NOTICE OF MOTION AND MOTION TO
DISMISS SECOND-AMENDED COMPLAINT PURSUANT
TO FRCP 12(b)(6) OR IN THE ALTERNATIVE MOTION
FOR DEFINITE STATEMENT                                CASE NO. C08-02909-HRL

  (c) The adverse claims to the title of the plaintiff against which a determination is sought.

  (d) The date as of which the determination is sought. If the determination is sought as of a date other than the date the complaint is filed, the complaint shall include a statement of the reasons why a determination as of that date is sought.

Plaintiff has not alleged elements for a quiet title claim sufficient to withstand this motion to dismiss. Plaintiff's complaint is not verified and there are no clear allegations as to how plaintiff can now claim an interest in the subject property. Specifically, the subject property was sold at a foreclosure sale. (Amended complaint, page 6). Nowhere in plaintiff's complaint has plaintiff stated that the foreclosure process for the sale of the subject property was conducted improperly, i.e. that notice of the foreclosure sale was not properly given. In fact, it appears that plaintiff's entire basis for quiet title is his contention that the federal government is bankrupt and therefore plaintiff did not receive legal tender for the subject loans secured by the property. (Amended complaint, pages 6-8). All of these allegations, along with the rest of the complaint, make absolutely no sense. Additionally, this is not a proper basis for quiet title.

## VII. PLAINTIFF CANNOT STATE A CLAIM FOR ANY OTHER CLAIM FOR RELIEF

As to the "grab bag" of other claims asserted by Plaintiff, they simply lack any facts or sufficient legal theory to be adjudged sufficient to state an actionable claim. Further, as previously set forth herein, the nonsensical arguments that the United States is bankrupt and the challenge to the national monetary system, the purported argument that the U.S. dollar is worthless, and that plaintiff wasn't loaned Silver Dollar are not basis for these claims against defendants. The claims of lack of consideration (Amended complaint, page 9-10); usury (Amended complaint, page 10); breach (Amended complaint, page 11); indefiniteness of contract (Amended complaint, page 12), unconscionability (Amended complaint, page 12-13); breach and conversion (Amended complaint, page 16); cause of action following trust property into its product against

11

DEFENDANTS NOTICE OF MOTION AND MOTION TO
DISMISS SECOND-AMENDED COMPLAINT PURSUANT
TO FRCP 12(b)(6) OR IN THE ALTERNATIVE MOTION
FOR DEFINITE STATEMENT               CASE NO. C08-02909-HRL

trustee (Amended complaint, page 16-17); and finally, civil RICO (Amended complaint, page 17-19) are legally insufficient to withstand this motion to dismiss.

## VIII. A MOTION FOR MORE DEFINITE STATEMENT SHOULD BE GRANTED

Given the outrageous and nonsensical allegations made by plaintiff, it is clear that defendants' motion to dismiss should be granted without leave to amend. Plaintiff has failed to state an actionable claim against these defendants. However, if the court is inclined to deny the defendants' motion to dismiss, as an alternative, defendants seek an order for a more definite statement requiring plaintiff to replead his complaint sufficiently so that defendants can ascertain the nature and quality of plaintiff's claims.

A Rule 12(e) motion for more definite statement is proper when the complaint is so vague and ambiguous that defendant cannot be reasonably required to frame a responsive pleading. A complaint may state a claim for relief, but may still be so vague and ambiguous as to require that plaintiff provide a more definite statement   A Rule 12(e) motion is also appropriate where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. In such cases, defendant cannot reasonably be expected to frame a proper response. See Famolare, Inc. v. Edison Bros. Stores, Inc. (ED CA 1981) 525 F.Supp. 940, 949; Cellars v. Pacific Coast Packaging, Inc. (ND CA 1999) 189 FRD 575, 578.

As set forth above, Plaintiff has not pleaded the requisite elements for any claim for relief.  Further, the allegations that Plaintiff has made are incoherent, unintelligible, vague, ambiguous and simply nonsensical.  Defendants cannot possibly respond to the complaint as drafted.

///
///
///
///
///

12

DEFENDANTS NOTICE OF MOTION AND MOTION TO
DISMISS SECOND-AMENDED COMPLAINT PURSUANT
TO FRCP 12(b)(6) OR IN THE ALTERNATIVE MOTION
FOR DEFINITE STATEMENT                                                                                    CASE NO. C08-02909-HRL

## IX. CONCLUSION

In light of the foregoing, plaintiff's complaint must be dismissed or in the alternative, an order for a more definite statement requiring Plaintiff to replead his complaint must be made.

BARRY, GARDNER & KINCANNON
A Professional Corporation

Dated: July 25, 2008       By:   /s/ Jeffrey B. Gardner
                                 Jeffrey B. Gardner, Esq.
                                 Cathy A. Knecht, Esq.
                                 Attorneys for Defendants,
                                 GRAYSTONE SOLUTIONS, INC.;
                                 CONSUMER SOLUTIONS REO, LLC; and
                                 FIRST AMERICAN TITLE COMPANY

H:\1169\0004\Pleadings\MTD (Graystone, Consumer Sol, FirstAm) F 07'25'08\Ntc and Motion to Dismiss.wpd

13

DEFENDANTS NOTICE OF MOTION AND MOTION TO
DISMISS SECOND-AMENDED COMPLAINT PURSUANT
TO FRCP 12(b)(6) OR IN THE ALTERNATIVE MOTION
FOR DEFINITE STATEMENT                                    CASE NO. C08-02909-HRL