\* E-filed 10/1/08\*

NOT FOR CITATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GILBERTO FERNANDEZ, JR.,<br>        Plaintiff,<br><br>    v.<br><br>ALLIANCE BANCORP, GMAC MORTGAGE, NCC SERVICING, INC., EXECUTIVE TRUSTEE SERVICES, LLC, CONSUMER SOLUTIONS REO, LLC, FIRST AMERICAN TITLE COMPANY, SELECT PORTFOLIO SERVICING, INC., HENRY M. PAULSON JR. as Secretary of the Treasury of the United States, MICHAEL B. MUKASEY, US Attorney General and Alien Property Custodian,<br>        Defendants. | Case No. CV 08-02909 HRL<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Docket No. 57 |

According to the allegations of his "Second Amended Petition to Set Aside and Void Foreclosure Sale . . ." ("Petition"), Gilberto Fernandez borrowed $1.25 million from defendant Alliance Bancorp in August 2006. He executed a note secured by a Deed of Trust on real property at 1461 Burrows Road, Campbell, California. (It is not clear if this was a purchase money loan or a refinancing.) In the months that followed, the note was sold or assigned to other entities, all of whom are named as defendants in this suit. At some point, plaintiff stopped making payments. The note was declared in default, and the property was eventually sold at a trustee's sale on April 22, 2008.

Plaintiff sues all the entities involved in the loan or in its foreclosure. He alleges a list of claims for relief which, although primarily sounding in fraud, also include breach of contract,

1  usury, conversion, and racketeering. For example, plaintiff claims the defendant companies
2  "expand[ed] and contract[ed] the money supply at timed intervals so as to purposely dispossess
3  economically vulnerable Californians and Americans from their property." (Pet. ¶ 100.) Further,
4  he was "required to gift his property to the Mortgage Company without any corresponding
5  considerations in return." (Pet. ¶ 43.) In fact, Fernandez alleges the United States has been in
6  "bankruptcy" since 1933, and that Federal Reserve Notes have no intrinsic value. (Pet. ¶ 46-47.)
7  In other words, what he borrowed from Alliance Bancorp was not really "money," so: (1) he
8  should not have to pay it back, and (2) he should keep his property.

Fernandez seeks to set aside the foreclosure sale, cancel the note and deed of trust, and recover both compensatory and punitive damages. In the alternative, in case his claims against the corporate defendants should fail, he sues the United States Secretary of Treasury and the Attorney General to compensate him ". . . for claims and services under the functional reserve flat monetary system." (Pet. ¶ 112.) Those defendants that have appeared in the action have filed motions to dismiss which are set for hearing in the future.

## APPLICATION FOR A RESTRAINING ORDER

On September 22, plaintiff filed a "Verified Emergency Motion for a Temporary Restraining Order and Preliminary Injunction." Apparently, title to the Borrows Road property is now held by defendant Consumer Solutions, which has brought an unlawful detainer action in the local state court to evict Fernandez. Plaintiff wants this court to stop Consumer Solutions from going forward with the eviction.

## LEGAL STANDARD

The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *See Brown Jordan International, Inc. v. The Mind's Eye Interiors, Inc.*, 236 F.Supp.2d 1152, 1154 (D.Hawai'i 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1323 (N.D.Cal.1995). Under the traditional test for granting preliminary injunctive relief, the applicant must demonstrate (1) a likelihood of success on the merits; (2) a significant threat of irreparable injury; (3) that the balance of hardships favors the applicant; and (4) whether any public interest favors granting an injunction. *See Owner-Operator Indep.*

*Drivers Ass'n, Inc. v. Swift Transportation Co., Inc.*, 367 F.3d 1108, 111 (9th Cir. 2004). In the Ninth Circuit, "[t]he moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in favor of the moving party." *Stulbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839-40 (9th Cir. 2001). "'These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.'" *LGS Architects, Inc. v. Concordia Homes of Nevada*, 434 F.3d 1150, 1155 (9th Cir. 2006) (quoting *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001)).

## DISCUSSION

Since plaintiff proceeds *pro se*, the court is inclined to overlook his failure to conscientiously follow the procedural requirements for applications for immediate relief found in Federal Rule of Civil Procedure 65 and Civil Local Rule 65-1(a).

The court is less inclined to sympathize with plaintiff's delay. He had notice of default in February 2007. He had notice of the intended sale by the trustee a month later. He did nothing to pursue whatever legal remedies he might have imagined he had. In April 2008, more than a year later, the property was sold, and still, plaintiff did nothing. Finally, when the eviction suit was filed in June 2008, he filed the instant action. Even then, he did not plead entitlement to an injunction to halt the eviction. Yet, that is the relief he seeks in his "Emergency Motion."[1]

Under these circumstances, it would take a powerful showing of probable success on the merits to prompt the court to now order Consumer Solutions to back off. Yet, plaintiff offers nothing that this court would consider relevant evidence, and no pertinent legal authority. His arguments—to the extent the court understands them—are transparently flawed. Without intending to disparage plaintiff's sincerity or his personal convictions, his theories of why he should win this suit appear to be nonsensical. If plaintiff is living in the Burrows Road property, his eviction will likely be a hardship. However, he has had ample time to prepare for the

---

[1] Plaintiff does not indicate whether or not the eviction action has gone to judgment.

1 eventuality. Because plaintiff has seemingly no chance to prevail on the merits of his case (at
2 least, as presently plead), the court must deny his request for a Temporary Restraining Order.
3   If plaintiff has additional information that might support a preliminary injunction, he
4 may submit it with a properly noticed motion.
5   The request for a temporary restraining order is DENIED.

**IT IS SO ORDERED.**

Dated:  10/1/08



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

THIS IS TO CERTIFY THAT A COPY OF THIS NOTICE WILL BE SENT TO:

larry@glennwechsler.com
jgardner@sbgk.com
james.scharf@usdoj.gov
gribar@wrightlegal.net

**Gilberto Fernandez, Jr.**
1461 Burrows Road
Campbell, CA 95008

* Counsel are responsible for providing copies of this order to co-counsel.

Dated:  10/1/08

                                     /s/ mpk
                         Chambers of Magistrate Judge Lloyd