United States District Court
For the Northern District of California

* E-filed 11/13/08*

NOT FOR CITATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GILBERTO FERNANDEZ, JR.,
Plaintiff,

v.

ALLIANCE BANCORP, GMAC MORTGAGE, NCC SERVICING, LLC, GRAYSTONE SOLUTIONS INC., EXECUTIVE TRUSTEE SERVICES, LLC, CONSUMER SOLUTIONS REO, LLC, FIRST AMERICAN TITLE COMPANY, SELECT PORTFOLIO SERVICING, INC., HENRY M. PAULSON JR. as Secretary of the Treasury of the United States, MICHAEL B. MUKASEY, US Attorney General and Alien Property Custodian,
Defendants.
_______________________________________/

Case No. CV 08-02909 HRL

**ORDER DISMISSING THE COMPLAINT**

Re: Docket Nos. 22, 24, 26, 31

**INTRODUCTION**

In August 2006, *pro se* plaintiff Gilberto Fernandez, Jr. obtained $1.25 million in loans from Alliance Bancorp, which he used to refinance his home in Campbell, California. Fernandez defaulted after making only two monthly payments, and never paid any amount again. The loans and their servicing rights were transferred several times. Ultimately, Fernandez's property was sold at a non-judicial (trustee's) sale in April 2008. The apparent buyer was Consumer Solutions, who promptly brought an unlawful detainer action to evict Fernandez from the property. The eviction action prompted Fernandez to bring this suit.

A. The Defendants

Plaintiff sued every corporate entity with any connection to the loan or its servicing, the notice of default, the trustee's sale, or the eviction action.[1] He alleges fraud, breach of contract, usury, conversion, and assorted other less familiar theories against these entities. He also seeks to set aside the foreclosure and cancel the promissory notes.

In addition, plaintiff sues the United States Secretary of the Treasury Henry Paulson and Attorney General Michael Mukasey in their official capacities. They are named with respect to plaintiff's theory that this is a suit in admiralty, and that they are "indispensable parties," since they are authorized to "pay claims and judgments and for the return of property." SAC ¶ 112.

B. The Motions.

The six corporate defendants who have appeared all move to dismiss the complaint[2] under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[3] The federal defendants move both under Rule 12(b)(1), for lack of subject matter jurisdiction, and Rule 12(b)(6).

**DISCUSSION**

This court begins by inquiring into its subject matter jurisdiction: has plaintiff alleged diversity of citizenship or a federal question? In his complaint, plaintiff alleges that the court has diversity jurisdiction. Diversity jurisdiction requires that "all parties to the action be citizens of different states." 28 U.S.C. § 1332. However, plaintiff identifies both himself and defendant

---

[1] Alliance Bancorp, GMAC Mortgage, NCC Servicing, LLC., Graystone Solutions, Inc., Executive Trustee Services, LLC, Consumer Solutions REO, LLC, First American Title Company, and Select Portfolio Servicing, Inc. Defendants Alliance Bancorp and NCC Servicing, Inc. have not answered or appeared.

[2] Plaintiff filed his initial complaint, an amended complaint and a second amended complaint. Although he did not seek or obtain leave to file the amended complaints, the court now deems the second amended complaint operative. All further references to the "complaint" are to the second amended complaint.

[3] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties who have appeared in this action have expressly consented that all proceedings may be heard and finally adjudicated by the undersigned. Defendants Alliance Bancorp and NCC Servicing, who have not appeared, are not deemed to be "parties" to the action within the rules requiring consent to magistrate judge jurisdiction. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995); *see also United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1998).

Alliance Bancorp as citizens of California. SAC ¶ 1-16. Plaintiff has also named two federal defendants in their official capacities. Federal officers, when sued in their official capacity, have no "citizenship," and therefore, also destroy diversity. *See Ajay Nutrition Foods, Inc. v. Food and Drug Administration*, 378 F.Supp 210, 215 (D. NJ 1974); *Darling v. United States*, 352 F.Supp. 565, 567 (E.D.Cal.1972). Thus, because there is not "complete diversity" between the parties, the court lacks diversity jurisdiction.

The only alternative basis for jurisdiction requires plaintiff to allege a "federal question." *See* U.S. Const. Art III, §2; 28 U.S.C. § 1331. The plaintiff's complaint is a confusing, sometimes incomprehensible, quagmire of rambling and disconnected allegations. One possibility is plaintiff's claim for "civil RICO." The other is his seemingly outlandish assertion that this suit falls within the court's admiralty jurisdiction.

A. Civil RICO

The court first turns to plaintiff's allegations under the civil suit provision of the Racketeer Influenced and Corrupt Organizations act ("RICO")[4]. To state a civil RICO claim, a plaintiff must demonstrate "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiffs' 'business or property.' " *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir.2001)). A "racketeering activity" is statutorily defined as "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year." 18 U.S.C. § 1961(1). A "pattern" of racketeering activity "requires at least two acts of racketeering activity." 18 U.S.C. § 1961(5). In addition, because civil RICO claims imply fraudulence, they must be plead with specificity. *Moore v. Kayport Package Express*, 885 F.2d 531, 541 (9th Cir.1989).

Plaintiff fails to allege any facts which might be characterized as "racketeering activity." He claims defendants have "conspired against the working class population . . . to submerge the[m] . . . in a mountain of perpetual and unpayable debt," and that the "Federal Reserve

---

[4] codified at 18 U.S.C. § 1962(c).

Banking Corporation has . . . a track record of purposefully expanding and contracting the money supply . . . to purposefully dispossess economically vulnerable [citizens] from their property." SAC ¶ 100. He claims that the defendants have "operate[d] in a pattern, practice and course of conduct which constitutes a criminal enterprise in violation of Federal and State Racketeering Statutes," but these general and conclusory allegations are not enough.

The plaintiffs' burden of proving federal question jurisdiction is “not onerous.” *Board of Trustees of Painesville Tp v. City of Painseville, Ohio*, 200 F.3d 396, 398 (6th Cir. 1999) (citations omitted). In order to survive a motion to dismiss for lack of subject matter jurisdiction, the plaintiff need show only that the complaint alleges a claim under federal law and that the claim is substantial. *Id.* Whether plaintiff will ultimately prevail is not the issue; the plaintiff need only show that he is entitled to offer evidence to support the claim."Dismissal of the complaint upon the ground of lack of jurisdiction of the subject matter [is] justified only if that claim [is] so attenuated and unsubstantial as to be absolutely devoid of merit" *Baker v. Carr*, 369 U.S. 186, 199 (1962).

At the hearing, the court pressed plaintiff to state any additional facts that he might allege. The court asked plaintiff multiple times to explain what the corporate defendants had done wrong. In response, plaintiff explained that he brought his lawsuit to force the defendants to prove that the foreclosure sale of his property was "legal." He said that he believed there was "fraud in inducement" and that there should have been "more disclosures about the funding of the loan." Apparently, plaintiff believes that he was mislead about what "money" was. In his complaint, plaintiff claims that he "believed he was being loaned money . . . that was redeemable and had intrinsic value," but that he actually received Federal Reserve Notes that, according to plaintiff's theory, "have no intrinsic value." SAC ¶ 45-49. (This is because, according to plaintiff, the United States "is and has been in bankruptcy since at least 1933.") SAC ¶ 46. When the court attempted to explore this theory at the hearing, plaintiff explained that he "stood by [his] complaint." He said that he wanted the defendants to "produce the original note," "explain how they have rights to foreclose the property," and "explain how the loan was transferred." He admitted that he made two payments and then stopped, received

United States District Court
For the Northern District of California

notices of the transfers, received default notices, received the notice of trustee's sale. That is all. Under these circumstances, the court sees no conceivable amendments that could be made in good faith that would even come close to stating a viable civil RICO claim. Because plaintiff's civil RICO claim is "so attenuated and unsubstantial as to be absolutely devoid of merit," there is no basis for federal question jurisdiction here. *Baker*, 369 U.S. at 199.

B. Admiralty Jurisdiction

Allegations about the applicability of admiralty law are scattered throughout the complaint. SAC ¶ 2-4, 53, 112, 132. For example, in SAC ¶ 53, Fernandez characterizes himself as the "legal fiction" of a "vessel," entitled to the "remedies provided under 46 U.S.C. Appendix § 748 for payments of judgments and claims against Unites States Vessels." These remedies are apparently owed for the harm he suffered due to the United States' monetary system's bankruptcy, and the fact that Federal Reserve notes are not real money. This is all nonsense. Plaintiff's admiralty allegations are reminiscent of similar complaints filed by others in this district, all of them advancing a theory apparently plucked from a website touting that people can "eliminate" their debts by invoking admiralty law. *See Ramos v. First Federated* (Case No. 07-6494); *Ramos v. World Savings* (Case No. 07-80249); *Ramos v. World Savings* (Case No. 07-6495); *Curiel v. Accredited Home Lenders, Inc., et. al.* (Case No. 08-00206); *Vila v. Killinger*, *et. al* (Case No. 08-00438).[5] Because plaintiff's admiralty claim is "so attenuated and unsubstantial as to be absolutely devoid of merit," there is also no basis for federal question jurisdiction here. *Baker*, 369 U.S. at 199.

**CONCLUSION**

Since this court's decision is based on an absence of federal subject matter jurisdiction, it does not directly address the sufficiency of plaintiff's state and common law (i.e. non-federal) claims (breach of contract, fraud, conversion, etc.). Plaintiff could possibly sue the corporate defendants in state court, although his chances for success—based on what his court has seen so

[5] In any event, Fernandez does not allege that either Secretary Paulson or Attorney General Mukasey did anything wrong. He merely claims they are "indispensable parties under statute." SAC ¶ 16. When pressed to explain what this meant at the hearing, plaintiff merely stated that he believed these defendants "knew how the money systems worked," and were therefore "indispensable."

far—seem slim indeed. Plaintiff's allegations against the two corporate defendants who have not appeared are the same as those against the corporate defendants who have moved to dismiss. Fernandez did not and could not articulate any other independent basis for subject matter jurisdiction as to these two.

Accordingly, the court dismisses the SAC in its entirety for lack of subject matter jurisdiction. The court notes that "leave to amend should be granted unless it is absolutely clear that no set of facts could overcome the deficiencies in the complaint." *Lucas v. Dept. of Corrections*, 66 F.3d 245, 248 (9th Cir., 1995) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987); *Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir.1984)). Yet, having fully explored the facts and asserted claims with the plaintiff at the hearing, the court concludes that no set of facts can overcome the complaint's jurisdictional deficiencies. Therefore, the dismissal is WITHOUT leave to amend.

**IT IS SO ORDERED.**

Dated: 11/13/08



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

THIS IS TO CERTIFY THAT A COPY OF THIS NOTICE WILL BE SENT TO:

larry@glennwechsler.com
jgardner@sbgk.com
james.scharf@usdoj.gov
gribar@wrightlegal.net

**Gilberto Fernandez, Jr.**
1461 Burrows Road
Campbell, CA 95008

* Counsel are responsible for providing copies of this order to co-counsel.

Dated: 11/13/08

/s/ mpk
Chambers of Magistrate Judge Lloyd