*E-filed 1/22/09*

NOT FOR CITATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GILBERTO FERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALLIANCE BANCORP, GMAC MORTGAGE, NCC SERVICING, LLC, GRAYSTONE SOLUTIONS INC., EXECUTIVE TRUSTEE SERVICES, LLC, CONSUMER SOLUTIONS REO, LLC, FIRST AMERICAN TITLE COMPANY, SELECT PORTFOLIO SERVICING, INC., HENRY M. PAULSON JR. as Secretary of the Treasury of the United States, MICHAEL B. MUKASEY, US Attorney General and Alien Property Custodian,<br><br>　　　　Defendants. | Case No.  08-02909 HRL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO QUASH** |

In 2006, *pro se* plaintiff Gilberto Fernandez, obtained $1.25 million in loans from Alliance Bancorp, which he used to refinance his home in Campbell, California. After he made two payments, he defaulted. The property was eventually sold at a non-judicial trustee's sale, and the buyer undertook eviction proceedings. Fernandez then brought this suit against Alliance Bancorp and every corporate entity with any connection to the loan, its servicing, the notice of default, the trustee's sale, or the eviction action.

The defendants moved to dismiss the complaint. The motions to dismiss were granted, and the complaint was dismissed for lack of subject matter jurisdiction on November 13, 2008. A judgment was entered that same day.

1    On December 2, 2008, Fernandez filed an "Objection and Motion to Reconsider." He
2 did not request or receive leave to file such a motion. Civ. L.R. 7-9(a)."No party may notice a
3 motion for reconsideration without first obtaining leave of the court to file the motion." Civ.
4 L.R. 7-9(a). Moreover, such a motion is only permitted "[b]efore the entry of a judgment." *Id*.
5 Plaintiff's motion for reconsideration is both untimely and procedurally improper.

6    To give the plaintiff the benefit of liberal construction for *pro se* filings, the court
7 construes his motion as a motion for relief from a judgment, pursuant to Federal Rule of Civil
8 Procedure 60. *See Haines v. Kerner,* 404 U.S. 529, 520-21 (1972 )(stating that *pro se* pleadings
9 shou(b)ld be "liberally construed.") The grounds for a motion for relief from judgment are: (1)
10 mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud,
11 misrepresentation or misconduct by the opposing party; (4) the judgment is void; (5) the
12 judgment has been satisfied; or (6) any other reason that justifies relief.. *See* Fed. R. Civ. Pro.
13 60(b).

14    Plaintiff's sole point of contention is that the court's order dismissing the complaint
15 "appears to contain a misquote of 28 U.S.C. § 1332." The misquote plaintiff complains about
16 appears on page two, lines 18-19, and states that "[d]iversity jurisdiction requires that 'all parties
17 to the action be citizens of different states.' 28 U.S.C. § 1332." Plaintiff requests "reinstatement
18 of his case" or alternatively "Findings of Fact and Conclusions of Law that support the cause for
19 dismissal" because the phrase "citizens of different states" appears in the text of 28 U.S.C.
20 § 1332, while the phrase "all parties to the action be" does not. This observation is not a ground
21 for relief from the judgment. *See* FRCP 60(b). However, to alleviate any lingering confusion the
22 *pro se* plaintiff has about the grounds for the court's dismissal, or the requirements of diversity
23 jurisdiction, the court provides the following additional explanation.

24    The diversity jurisdiction statute, 28 U.S.C. § 1332, "as construed for nearly 200 years,
25 requires that to bring a diversity case in federal court against multiple defendants, each plaintiff
26 must be diverse from each defendant." *Lee v. American Nat. Ins. Co.*, 260 F.3d 997,1004 (9th
27 Cir. 2001) *(citing Wisonsin Dept. of Corrections v. Schacht*, 524 U.S. at 388, 118 (1998);
28 *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, (1806)). This is known as "complete diversity."

1  When a plaintiff sues more than one defendant in a diversity action, plaintiff must meet the
2  complete diversity requirement, or face dismissal. Because defendant Alliance Bancorp was
3  identified as a citizen of California, the same state that plaintiff is a citizen of, and also because
4  the federal defendants have no citizenship for the purposes of diversity jurisdiction, plaintiff
5  Fernandez did not meet the requirements of complete diversity, and the complaint was
6  dismissed.

7  Because plaintiff has not presented any ground for relief from the judgment of dismissal,
8  the motion is DENIED.

11  **IT IS SO ORDERED.**



15  Dated: 1/22/09
16  HOWARD R. LLOYD
   UNITED STATES MAGISTRATE JUDGE

Notice will be sent to:

larry@glennwechsler.com

jgardner@sbgk.com james.scharf@usdoj.gov

gribar@wrightlegal.net

**Gilberto Fernandez, Jr.**
1461 Burrows Road
Campbell, CA 95008

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

Dated: 1/22/09                             /s/ MPK
                                           Chambers of Magistrate Judge Howard R. Lloyd

4